UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

                              Plaintiff,

                                                            **Hon. Hugh B. Scott**

                   v.
                                                            11CV712S

                                                            **Order**

2 JANE DOE FEMALE ROCHESTER NEW YORK
POLICE OFFICERS, et al.,

                              Defendants.

Before the Court is plaintiff's motion[1] to compel production of initial disclosure from

Rochester defendants[2] (Docket No. 47).  Almost immediately, these defendants responded

(Docket No. 48), and this Court scheduled any reply to be due by June 10, 2013 (Docket No. 49).

The motion was deemed submitted (without oral argument) on June 10, 2013 (id.; see also

Docket No. 47, plaintiff declining oral argument of his motion).

       The Monroe County defendants[3] previously moved for judgment on the pleadings to

dismiss this case as to them (Docket No. 25).  They sought and obtained a stay of discovery as to

them (Docket Nos. 29 (letter motion), 30 (Order)).  This Court rendered a Report &

Recommendation (Docket No. 38) recommending granting that relief; objections by plaintiff

_____

       [1]In support of his motion, plaintiff submits his Declaration, Docket No. 47; his Reply
letter,  Docket No. 52.  In response, counsel for the Rochester defendants submits her letter of
May 30, 2013, Docket No. 48, accepted for filing by this Court, see Docket No. 49.

       [2]These defendants include the City of Rochester, its Police Department, "Arresting Police
Officer ID ROC2122," and Kenneth Coniglio, Jr., Docket No. 14, Rochester Defs. Ans.

       [3]Monroe County, Monroe County Sheriff O'Flynn, and Deputy R. Pozzuolo.

(Docket No. 39) are pending.  Familiarity with that Report is presumed.  Plaintiff then moved to compel a fuller production from the Monroe County defendants (Docket No. 50), but this motion was terminated due to the pending stay of discovery from these defendants (Docket No. 51).

BACKGROUND

This is a pro se civil rights action commenced by an incarcerated plaintiff.  Plaintiff alleges that defendants (the City of Rochester, its police officers, Monroe County, and Monroe County Sheriff's Deputies) violated plaintiff's constitutional rights in illegally stopping, searching, and arresting plaintiff on August 5, 2010, in a prostitution sting operation (Docket No. 1, Compl.; see also Docket No. 38, Report & Rec., at 2).  Plaintiff filed his Complaint on August 25, 2011 (Docket No. 1, Compl.), and then filed a series of Amended Complaints (Docket No. 8, Am. Compl., filed Jan. 4, 2012; Docket No. 12, [2d] Am. Compl., filed May 31, 2012; see Docket No. 13 (Order authorizing service of Second Amended Complaint)). According to the latest amended pleading (Docket No. 12; cf. Docket No. 8, Am. Compl.), plaintiff claims that he was solicited by two unnamed Rochester Police Department officers, posing as prostitutes in an undercover sting operation (Docket No. 12, [2d] Am. Compl. ¶¶ 13-21).  Plaintiff was pulled over by another defendant Rochester Police officer, searched and arrested for solicitation of a prostitute (id. ¶¶ 22-25).  Plaintiff alleges violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as under the New York State Constitution.  Plaintiff seeks return of property, $500,000 compensatory and punitive damages, and recovery of impound fees, costs, attorney's fees he incurred (id., [2d] Am. Compl. at 11).  (See also Docket No. 38, Report & Rec. at 2-3.)

2

Plaintiff filed an Amended Complaint (Docket No. 8) and then moved for leave to proceed as a poor person (Docket No. 2), which was granted, with this Court dismissing claims against certain other parties (Docket No. 9). The Rochester defendants (Docket No. 14) and the Monroe County defendants (Docket No. 21) separately answered the (second) Amended Complaint (Docket No. 12). This Court then issued a Scheduling Order which had initial Rule 26(a) disclosure due by October 23, 2012, discovery due to be completed by February 22, 2013, and dispositive motions by May 24, 2013 (Docket No. 22). The counsel for the Rochester defendants sought a four-month extension of the Scheduling Order deadlines (Docket No. 23) but this request was denied (Docket No. 24).

The initial Scheduling Order also had initial dispositive motions due by October 9, 2012 (id.). The Monroe County defendants then filed their timely motion for judgment on the pleadings (Docket No. 25) and obtained a stay of discovery (Docket Nos. 29 (motion), 30 (Order)) discussed above, while the Rochester defendants did not make an initial dispositive motion (see Docket No. 38, Report & Rec. at 3). The Report on the Monroe County defendants' motion also amended the Scheduling Order (cf. Docket No. 22), with initial Rule 26(a) disclosure due by May 14, 2013, full discovery completed by June 28, 2013 (Docket No. 38, Report & Rec. at 8). Anticipating his present motion to compel, plaintiff next moved to extend the discovery deadlines in the amended schedule (Docket No. 45); that request was granted (Docket No. 46). Currently, discovery is to be completed by August 12, 2013 (Docket No. 46), with no request to extend the initial Rule 26(a) discovery deadline.

*Plaintiff's Motion to Compel*

Insisting upon the deadlines set forth in the initial Scheduling Order, plaintiff argues that the Rochester defendants failed to produce initial disclosure by the October 23, 2012, deadline (Docket No. 47, Pl. Decl. ¶¶ 5-7).  Plaintiff then wrote to the Rochester defendants on April 17, 2013, requesting this initial disclosure as well as production of all papers and transcripts in his criminal prosecution, NYS CR: 10-260529 (id. ¶ 10), and repeated this request on May 6, 2013 (id. ¶ 11).  Plaintiff claims that defense counsel for the Rochester defendants ignored these discovery requests (id. ¶ 12).  Plaintiff therefore moves to compel this disclosure and imposition of sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii) (id., at page 3, WHEREFORE Cl.).

The Rochester defendants respond that plaintiff's motion is premature and that the documents sought by plaintiff as to his arrest were sealed under state law and defendants were seeking to have them unsealed (Docket No. 48).  Once plaintiff signs the affidavit for unsealing and the unsealing Order is approved, the records will be released to plaintiff (id.).

In his timely reply, see, e.g., Houston v. Lack, 487 U.S. 266, 271 (1988) (prison mailbox rule), plaintiff argues that the Rochester defendants were ordered to identify the Jane Doe officers by April 30, 2012, in the Order granting plaintiff poor person status  (Docket No. 52, Pl. Reply Letter at page 2 of 2; see Docket No. 9).  He also points to the initial Scheduling Order (Docket No. 22) which compelled the exchange of initial disclosures under Rule 26(a) by October 23, 2012, which defendants have ignored (Docket No. 52, Pl. Reply Letter at page 2 of 2; cf. Docket No. 50, Pl. Motion to Compel Monroe County Defendants).  He denies that his motion is

premature and concludes that sanctions are warranted (Docket No. 52, Pl. Reply Letter at page 2 of 2).

DISCUSSION

I.      Standard

Federal Rule of Civil Procedure 37(b)(2)(a) imposes sanctions upon a party for failing to obey an Order to provide or permit discovery, authorizing this Court to impose various sanctions including directing facts be deemed as established in favor of the movant, prohibiting the disobedient party from using evidence not produced, striking pleadings, or rendering a default judgment for the moving plaintiff, Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iii), (vi).  Rule 37(a) generally allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention, Fed. R. Civ. P. 37(a)(2)(A).  Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed in light of the full record, see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37 calls upon the Court to make such orders in regard to disclosure failures as are just.  This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37.  See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000).  The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request are each drastic remedies, Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction).

Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court

> "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: . . . (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007).

Sanctions for failing to comply with an Order under Rule 37 include the same sanctions available if a motion to compel under Rule 37(a) is granted, Fed. R. Civ. P. 37(b)(2)(A), ©, with imposition of reasonable motion expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)©.

Initial disclosure under Federal Rule 26(a) includes the names, addresses, and telephone numbers of individuals "likely to have discoverable information" along with the subjects of that information that the disclosing party may use to support or defend its case, a copy of all documents in the party's possession, custody, or control that may also be used for a claim or defense, a computation of damages, and any insurance agreements, Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv).  Rule 26(a)(1) exempts from initial disclosure in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision," Fed. R. Civ. P. 26(a)(1)(B)(iv).  By Order of this Court in the Scheduling Order, the parties in this case were compelled to make Rule 26(a) initial disclosures (Docket No. 22), see Fed. R. Civ. P. 26(a)(1)(A) (disclosure as ordered by the court).

6

II.     Application

Plaintiff argues that, although discovery was extended generally to August 12, 2013

(Docket No. 46, 2d Am. Scheduling Order), initial disclosures were due by October 23, 2012,

under the Scheduling Order (see Docket No. 22, Scheduling Order) and these defendants failed to

produce (Docket No. 52, Pl. Reply Letter at page 2 of 2).  As extended by this Court's Report &

Recommendation (Docket No. 38, Report & Rec. at 8), the initial Rule 26(a) disclosure deadline

was due by May 14, 2013, and not the earlier date in October 2012.  The Rochester defendants

state that they are trying to obtain the material, in particular the criminal records under seal that

require plaintiff's authorization to release.  Plaintiff's motion is based upon the earlier October

2012 deadline that has been superseded and requests he made prior to the May 14, 2013,

deadline.  Initial document disclosure is only of the documents that "the disclosing party has in

its possession, custody, or control," Fed. R. Civ. P. 26(a)(1)(A)(ii).  The criminal records sought

by plaintiff from the Rochester defendants were not in defendants' possession, custody or control

and would not be until plaintiff executed the necessary releases to unseal them.

Plaintiff, however, points to this Court's Order granting him poor person status that also

ordered defendants to identify the Jane Doe defendants (which would also be part of any initial

disclosure) by April 30, 2012 (Docket No. 9, Order of Mar. 23, 2012, at 21, 23), see Valentin v.

Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam).  The purpose of this identification by the

Rochester defendants' counsel was to assist in the service of a Second Amended Complaint upon

these parties (id. at 21).  That was not done since the (second) Amended Complaint (Docket

No. 12), still referred to these defendants as Jane Does.  Summonses were returned executed for

service of "2 Jane Doe Female" defendants, acknowledged by defense counsel (Docket No. 15).

7

These defendants (either in their response or in a motion for a protective Order) have not sought protection from disclosing the identities of these officers.

Plaintiff's motion here is not premature, at least in identifying the two Jane Doe defendants.  Defendants were given two deadlines to produce the identities of the Jane Doe officers and yet failed to produce.  Those identities, if known, need to be produced.  As for other elements of initial disclosure relevant to this case (identification of other witnesses, production of key documents), the deadline for that production was extended to May 2013 and it appears defense counsel is attempting to obtain responsive documents.

Thus, plaintiff's present motion (Docket No. 47) is **granted**.  The Rochester defendants now have until **July 13, 2013**, to produce the initial disclosure, including identities of the two Jane Doe officers, as well as production of plaintiff's sought criminal proceeding materials.

As for sanctions, since plaintiff prevails, sanctions of plaintiff's reasonable expenses in making this motion would be recoverable.  Since plaintiff is proceeding pro se, the only reasonable motion expenses that would he incurred be his costs in filing and serving this motion and his reply (such as copying costs and postage).  Therefore, plaintiff shall submit his reasonable motion expenses within seven (7) days of entry of this Order, or by **June 26, 2013**.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to compel the Rochester defendants to produce initial disclosure (Docket No. 47) is **granted**.  The Rochester defendants are to produce the initial disclosure, including identities of the two Jane Doe officers, as well as production of plaintiff's sought criminal proceeding materials by **July 13, 2013**.  As for sanctions, plaintiff

8

shall submit his reasonable motion expenses within seven (7) days of entry of this Order, or by

**June 26, 2013**.

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      June 19, 2013