```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

QUINTIN A. NOWLIN,

                     Plaintiff,

                     v.                          **Hon. Hugh B. Scott**

                                                                   11CV712S

2 JANE DOE FEMALE ROCHESTER NEW YORK          **Order**
POLICE OFFICERS, et al.,

                     Defendants.

       Before the Court was plaintiff's motion to compel (Docket No. 47) production of initial disclosure from Rochester defendants[1], which was granted (Docket No. 53). The Order granting relief also allowed plaintiff to file for his reasonable motion expenses (primarily copying and postage) (Docket No. 53, Order of June 19, 2013, at 8-9); familiarity with that Order and underlying proceedings is presumed. Presently before the Court is plaintiff's letter application (Docket No. 56)[2], wherein he seeks $5.28 but payable in pre-paid postage (either in postage paid or on pre-stamped envelopes).

       The Rochester defendants were to respond to this application and the unusual method of payment sought by July 8, 2013 (Docket No. 57), and the application was deemed submitted without oral argument on that date. On July 8, 2013, the Rochester defendants wrote (Docket

---

[1] These defendants include the City of Rochester, its Police Department, "Arresting Police Officer ID ROC2122," and Kenneth Coniglio, Jr., Docket No. 14, Rochester Defs. Ans. This is to distinguish them from the "Monroe County defendants," the County, its Sheriff O'Flynn, and Deputy R. Pozzuolo.

[2] Also pending and to be addressed separately is plaintiff's motion to dissolve a stay of discovery Order to allow discovery from the Monroe County defendants, Docket No. 58.

No. 60[3]) that the City of Rochester is agreeable to send plaintiff $5.28 worth of postage in pre-stamped business-sized envelopes, sending twelve of these envelopes to plaintiff, with a total of $5.52 in postage (with first-class postage currently at $.46) (id.).

Federal Rule of Civil Procedure 37 provides that a successful discovery movant may recover his reasonable motion expenses. The ususal analysis under this rule determines whether the amount sought is reasonable and whether the opponents' failure to produce was "substantially justified or other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff here seeks to recover $5.28 (Docket No. 56), without objection from the Rochester defendants. Although he did not state specifically what expenses he claimed, it can be presumed that it was either for copying or postage expenses, the two categories of expenses the Court initially considered reasonable for this pro se plaintiff to claim (see Docket No. 53, Order of June 19, 2013, at 8) and from the manner in which plaintiff seeks reimbursement.

Unusually, plaintiff seeks the $5.28 in pre-paid postage rather than in cash. Rule 37 does not dictate the manner in which payment of discovery sanctions or reasonable motion costs are to be made. Plaintiff has not explained any hardship in him receiving money (either directly or in his inmate account) that would warrant having his expenses reimbursed in this particular manner. The Rochester defendants, however, have not objected to this method of payment and in fact have forwarded the sought postage in pre-stamped envelopes that exceed the $5.28 sought. Given that these defendants have made this payment already, plaintiff's unusual request is **granted**. Plaintiff, however, is cautioned that he can not complain later if for whatever reason he

---

[3]This letter submission is deemed acceptable for filing.

does not receive these envelopes or he finds that he cannot use the envelopes for mailing larger items that he otherwise could have paid for had he had the full amount in cash.

Plaintiff's fee application (Docket No. 56) is **granted** and the Rochester defendants sending the envelopes with pre-paid postage **meets this obligation**.

So Ordered.

/s/ Hugh B. Scott  
Honorable Hugh B. Scott  
United States Magistrate Judge

Dated: Buffalo, New York  
       July 9, 2013