UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,
                       Plaintiff,

                                                              **Hon. Hugh B. Scott**

                       v.                                          11CV712S

                                                                **Order**

2 JANE DOE FEMALE ROCHESTER NEW YORK
POLICE OFFICERS, et al.,

                       Defendants.

Before the Court is plaintiff's motion[1] to "dissolve" an Order staying discovery as to certain defendants, the Monroe County defendants[2], in this action (Docket No. 55). Familiarity with the proceedings in this action is presumed. Responses to this motion were due by July 8, 2013 (Docket No. 58), but the Monroe County defendants responded on July 1, 2013 (Docket No. 59). Plaintiff's reply was due by July 19, 2013, and the motion was deemed submitted (without oral argument) on July 19, 2013 (Docket No. 58). Plaintiff filed a timely reply (Docket No. 62, dated July 16, 2013, received July 22, 2013).

Meanwhile, plaintiff also moved to compel production from the Rochester defendants (Docket No. 47), which this Court granted (Docket No. 53; see also Docket No. 61, awarding

---

[1] In support of his motion, plaintiff submits his Declaration, Docket No. 55, and his Reply, Docket No. 62. In response, the Monroe County defendants (identified below in note 2) submit their attorney's Declaration, Docket No. 59.

[2] Monroe County, Monroe County Sheriff O'Flynn, and Deputy R. Pozzuolo; this is to distinguish from the "Rochester defendants," namely the City of Rochester, its Police Department, "Arresting Police Officer ID ROC2122," Kenneth Coniglio, Jr., Docket No. 14, Rochester Defs. Ans., and the two Jane Doe officers.

plaintiff recovery of his motion expenses). Plaintiff now moves for reconsideration of the Order granting his discovery relief (Docket No. 63), seeking additional sanctions of entry of default, evidence preclusion, and award of $1,000 damages for emotional distress in failing to produce (id.). That motion will be considered separately.

## BACKGROUND

This is a pro se civil rights action commenced by an incarcerated plaintiff. Plaintiff alleges that defendants (the City of Rochester, its police officers, Monroe County, and Monroe County Sheriff's deputies) violated plaintiff's constitutional rights in illegally stopping, searching, and arresting plaintiff on August 5, 2010, in a prostitution sting operation (Docket No. 1, Compl.; see also Docket No. 38, Report & Rec., at 2). Plaintiff filed his Complaint on August 25, 2011 (Docket No. 1, Compl.), and then filed a series of Amended Complaints (Docket No. 8, Am. Compl., filed Jan. 4, 2012; Docket No. 12, [2d] Am. Compl., filed May 31, 2012; see Docket No. 13 (Order authorizing service of Second Amended Complaint)). According to the latest amended pleading (Docket No. 12, [2d] Am. Compl.), plaintiff claims that he was solicited by two unnamed Rochester Police Department officers, posing as prostitutes in an undercover sting operation (Docket No. 12, [2d] Am. Compl. ¶¶ 13-21). Plaintiff was pulled over by another defendant Rochester Police officer, searched and arrested for solicitation of a prostitute (id. ¶¶ 22-25). Plaintiff alleges violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as under the New York State Constitution, seeking damages (id., [2d] Am. Compl. at 11). (See also Docket No. 38, Report & Rec. at 2-3.)

Plaintiff filed an Amended Complaint (Docket No. 8) and then moved for leave to proceed as a poor person (Docket No. 2), which was granted, with this Court dismissing claims

2

against certain other parties (Docket No. 9). The Rochester defendants (Docket No. 14) and the Monroe County defendants (Docket No. 21) separately answered the (second) Amended Complaint (Docket No. 12). This Court then issued a Scheduling Order which had initial Rule 26(a) disclosure due by October 23, 2012, and discovery due to be completed by February 22, 2013 (Docket No. 22).

*Monroe County Defendants' Motions for Judgment and to Stay Discovery*

The initial Scheduling Order also had initial dispositive motions due by October 9, 2012 (id.). The Monroe County defendants then filed their timely motion for judgment on the pleadings (Docket No. 25) to dismiss the case as to them. They also moved for a stay of discovery (Docket No. 29 (motion)) which was granted (Docket No. 30 (Order; see Docket No. 38, Report & Rec. at 3). Objections by plaintiff (Docket No. 39) are pending (see Docket Nos. 40 (Order setting briefing schedule for plaintiff's Objections), 41 (response from Rochester defendants), 42 (plaintiff's Reply)). As previously noted (Docket No. 51, Order of June 12, 2013), the stay of discovery for the Monroe County defendants has not been lifted.

The Report & Recommendation on the Monroe County defendants' motion also amended the Scheduling Order (cf. Docket No. 22), with initial Rule 26(a) disclosure due by May 14, 2013, full discovery completed by June 28, 2013 (Docket No. 38, Report & Rec. at 8). Anticipating a motion to compel, plaintiff next moved to extend the discovery deadlines in the amended schedule (Docket No. 45); that request was granted (Docket No. 46). Currently, discovery is to be completed by August 12, 2013 (Docket No. 46).

*Plaintiff's Motion to "Dissolve" the Stay Order*

Plaintiff then moved to compel a fuller production from the Monroe County defendants (Docket No. 50), but this motion was terminated due to the pending stay of discovery from these defendants (Docket No. 51). He separately moved to compel discovery from the Rochester defendants (Docket No. 47), which was granted (Docket No. 53), Nowlin v. 2 Jane Doe Female Rochester, New York Police Officers, et al., No. 11CV712, 2013 U.S. Dist. LEXIS 86184 (W.D.N.Y. June 19, 2013) (Scott, Mag. J.), in part because the stay did not apply to the Rochester defendants.

Plaintiff now claims that he cannot prosecute his claims because of the stay of discovery from the Monroe County defendants (Docket No. 55, Pl. Notice and Motion, at 1). He moves, pursuant to Federal Rule of Civil Procedure 23(d)(1) to "dissolve" the stay Order (id.), although this action was never alleged as a class action (see Docket No. 59, Monroe County Defs. Atty. Decl. ¶ 13). Pending determination of his Objections to the Report & Recommendation and in the event Chief Judge Skretny does not adopt the Report, plaintiff moves to "dissolve" the stay Order (Docket No. 55, Pl. Decl. ¶ 12). The Monroe County defendants respond that the Objections to the Report are still pending and that the stay of discovery as to them should remain (Docket No. 59, Monroe County Defs. Atty. Decl. ¶ 12).

In his timely reply, see, e.g., Houston v. Lack, 487 U.S. 266, 271 (1988) (prison mailbox rule), plaintiff argues that the Monroe County defendants' letter should not have been treated as a motion to grant the stay because the letter was not a formal notice of motion required by this Court's Local Civil Rule 7(a)(1) (Docket No. 62, Pl. Reply ¶¶ 10-12). He contends that the stay was not due to the Report & Recommendation, countering Monroe County defendants' argument

(id. ¶¶ 14, 15-16). Plaintiff contends that this Court has a duty to allow discovery and not leave that to the District Judge (id. ¶ 17).

DISCUSSION

I.  Standards

Federal Rule of Civil Procedure 23(d)(1), cited by plaintiff, governs the conduct of a class action; that provision authorizes this Court to issues orders to determine the course of proceedings in a class action, Fed. R. Civ. P. 23(d)(1)(A). This rule makes no express mention regarding controlling the issuance of stays.

The applicable rule here, however, is Rule 26(c), the protective Order entered in this case to stay discovery pending resolution of defense motion that might dismiss them from the case, see Fed. R. Civ. P. 26(c)(1)(A) (forbidding disclosure or discovery), (B)(specifying terms, including timing, of discovery). As this Court noted in another action, "protective Orders are often issued against discovery while a dispositive motion is pending," Covell v. Chiari & Ilecki, LLP, No. 12CV660, 2013 U.S. Dist. LEXIS 96851, at *14 (W.D.N.Y. July 11, 2013) (Scott, Mag. J.). The filing of a dispositive motion, such as one for judgment on the pleadings or to dismiss, generally "does not automatically stay discovery," Hone Leong Fin., Ltd. (Sing.) v. Pinnacle Performance, Ltd., No. 12 Civ. 6010, 2013 U.S. Dist. LEXIS 72811, at *8 (S.D.N.Y. May 22, 2013) (noting stay exception under the Private Securities Litigation Reform Act). "A court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.' Moore v. Painewebber, Inc., No. 96-CV-6820, 1997 U.S. Dist. LEXIS 203, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1998)," Wellington v. Langerdorf, No. 9:12-CV-1019, 2013 U.S. Dist. LEXIS 98798, at *42-43 (N.D.N.Y. June 12, 2013). "[U]pon a showing of good cause a district

5

court has considerable discretion to stay discovery pursuant to Rule 26(c)," Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 CV 5874, 2009 U.S. Dist. LEXIS 78476, at *1 (S.D.N.Y. Sept. 1, 2009); Hong Leon Fin., supra, 2013 U.S. Dist. LEXIS 72811, at *8.

As plaintiff notes, this Court's Local Civil Rule 7(a)(1) requires a notice of motion for all motions, which state the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, id.; see also id. R. 10 (form of papers). Under this Court's Local Rule 10(b), "the Court may reject documents that do not comply with" the requirements.

II.   Application

In his reply, plaintiff raises a preliminary issue, whether the Monroe County defendants' letter can constitute a motion under this Court's Local Rules (Docket No. 62, Pl. Reply ¶¶ 10-12). Under Local Civil Rule 10(b), the Court has the discretion to accept or reject non-compliant papers. While not in the format of a formal notice of motion, defense counsel's letter requests the stay (the relief requested), notes the filed motion for judgment on pleadings (the grounds for relief), and plaintiff was copied on the letter (Docket No. 29). The letter did not include the papers supporting the motion (there was only the letter) or a return date. The intent of Local Civil Rule 7 is to provide notice to the opponent and the Court of the relief being sought, the basis for it, and when the movant intends to have the motion argued. The Court sometimes relaxes the formalities of the motion practice and occasionally allows, as here, parties to file motions by letter, provided the elements of Local Civil Rule 7 are contained in the letter and that the letter is served upon the other parties. This Court, in fact, filed defense counsel's letter (Docket No. 29), rather than insist upon the Monroe County defendants to file a formal motion to

6

seek the same relief. Technically, on the basis of Local Civil Rule 7(a), plaintiff's motion should be granted. The timing of such a grant, however, would not make sense with the pending Objections to the Report & Recommendation.

This Court originally granted the stay of discovery through the course of defendants' motion for judgment (that is, upon decision by Chief Judge Skretny) to not have discovery from the Monroe County defendants while their motion to dismiss was pending. In granting the stay of discovery pending a dispositive motion, this Court had to consider the breadth of discovery sought, the burden of responding to it, and the strength of defendants' motion, Integrated Sys. & Power, supra, 2009 U.S. Dist. LEXIS 78476, at *3. As for the breadth of discovery and the burden to respond to it, when the Monroe County defendants filed their motions, these defendants had served some initial disclosure upon plaintiff (Docket Nos. 28, 29; see Docket No. 50, Pl. Decl. ¶ 9) but plaintiff had not served formal discovery notices upon those parties. As for strength of defendants' motion, given that plaintiff's motion to compel was filed after this Court issued its Report & Recommendation that the Monroe County defendants' motion for judgment on the pleadings be granted, defendants' motion is deemed to be strong enough to warrant a stay of discovery pending resolution of Objections to the Report & Recommendation.

Plaintiff moved (Docket No. 50) to compel discovery from the Monroe County defendants while their motion for judgment dismissing the case (in particular, Objections to the Report & Recommendation recommending its granting) and the Order staying discovery (Docket No. 30) were pending. This stay was granted until the defense dispositive motion was fully disposed of (Docket No. 30) upon any action by Chief Judge Skretny upon timely Objections to a Report & Recommendation. To date, those Objections (Docket No. 39) remain pending, hence

7

the stay of discovery **remains in effect**. If Chief Judge Skretny adopts this Report, discovery from these defendants would be moot, so ordering this discovery to resume for the brief period between entry of these Orders would create an undue burden, cf. Fed. R. Civ. P. 26(c)(1). On the other hand, if the Chief Judge were to reject or modify the Report and have claims remain against the Monroe County defendants, the stay would be lifted, see, e.g., Federal Hous. Fin. Agency v. UBS Ams. Inc., No. 11 Civ. 5201 (among others), 2013 U.S. Dist. LEXIS 92081, at *9 (S.D.N.Y. June 28, 2013) (lifting stay of discovery of sixteen coordinated actions following resolution of motion to dismiss in one of the cases). Until that happens, plaintiff's present motion to "dissolve" the stay Order (Docket No. 55) is **denied**. Plaintiff is not prejudiced by this stay, since he can (and has, see Docket Nos. 47, 53, 54 (Rochester defendants' Rule 26(a) disclosure)) continue seeking discovery from the remaining Rochester defendants and, if the Report is modified or rejected, discovery can resume against the Monroe County defendants. Thus, on the Court's own initiative, discovery from the Monroe County defendants **remains stayed pending final resolution of their motion for judgment on the pleadings** and plaintiff's motion to "dissolve" the stay (Docket No. 55) is **denied**.

CONCLUSION

For the reasons stated herein, plaintiff's motion to "dissolve" the Order under Rule 26(c) staying discovery from the Monroe County defendants (Docket No. 55) is **denied**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 29, 2013