UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
QUINTIN A. NOWLIN,

                                            **PLAINTIFF,**

    VS.

**2 JANE DOE FEMALES, ROCHESTER POLICE**      **MEMORANDUM OF LAW**
**OFFICERS, ARRESTING POLICE OFFICER, ID:**
**ROC2122, R. POZZOULO #3418, MONROE COUNTY**  **CASE NO. 11-CV-00712-HBS**
**SHERIFF DEPUTY, KENNETH CONIGLIO, JR.,**
**ROCHESTER POLICE OFFICER, PATRICK**
**O'FLYNN, MONROE COUNTY SHERIFF, CITY OF**
**ROCHESTER, AND MONROE COUNTY**
_____  **DEFENDANTS.**

      Defendants City of Rochester ("the City"), 2 Jane Doe Females ("Does"), Arresting Rochester Police Officer, ID: ROC 2122, and Kenneth Coniglio, Jr. ("Officer Coniglio") (Collectively referred to as the "City Defendants") submit this Memorandum of Law in Opposition of Plaintiff's Motion to Reconsider or to Reargue and in support of their Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

      Plaintiff Quintin A. Nowlin ("Nowlin") filed his Second Amended Complaint on May 31, 2012. See Docket No. 12: Second Amended Complaint. [Hereinafter referred to as "Complaint" without reference to Docket No. 12.]. On, July 20, 2012, the City Defendants timely served an Answer to Plaintiff's Second Amended Complaint. See Docket No.14. The Court issued a Scheduling/Case Management Order which, among other things ordered Mandatory Disclosures to be due by October 23, 2012. See Docket No. 22. Your deponent requested by letter dated August 28, 2012 to chambers, a four month extension as your deponent would be out on maternity leave during the time the Mandatory disclosures were due. Said request was denied by Hon. Hugh B. Scott. See Dockets No. 23 and 24. On October 23, 2012, the County Defendants submitted a Motion for Judgment on the Pleadings. See docket No. 27. By letter dated October

23, 2012, the County Defendants requested a stay of discovery due to their pending Motion on the Pleadings. See Docket No. 29. By Order of Magistrate Judge Hug B. Scott, the request for stay of discovery was granted pending disposition of the Motion. See Docket No. 30. While your deponent was on maternity leave, another attorney with the City of Rochester filed a Notice of appearance and requested a three month stay of "all discovery deadlines in the Courts August 23, 2012 scheduling Order". See Docket No. 35. The Hon. Magistrate Judge Hugh B. Scott, deemed the request "moot because this Court has already stayed discovery pursuant to the request of the Monroe County defendants (Docket No. 30) pending resolution of their motion for Judgment on the pleadings (Docket. No.25)." See Docket No. 36. Pursuant to the stay of discovery ordered in Docket No. 36, the City defendants did not submit any discovery responses to Plaintiff. Thereafter, Plaintiff submitted two requests for discovery in violation of this Courts ordered stay. See Docket Nos. 44 and 43. Plaintiff thereafter moved to extend the scheduling order for an unspecified period of time. See Docket No. 45. An Amended Scheduling/Case Management Order, was issued granting Plaintiffs motion and extending the time for discovery to be completed on August 12, 2013. See Docket No. 46. When Plaintiff moved to further obtain discovery from the County defendants, this Court terminated said Motion as it was governed by the stay of discovery in this matter. See Docket Nos. 47 and 50. Thereafter, this Court ordered the City Defendants to produce initial disclosures sought by Plaintiff by July 13, 2013. The City Defendants submitted the Rule 26 Disclosures on June 20, 2013. See Docket Nos. 53 and 54. This Court then ordered Plaintiff to submit his reasonable motion expenses for the Motion to Compel (Docket No. 53, Order 8-9), and plaintiff did so (Docket No. 56), indicating that he would accept $5.28 in pre-stamped envelopes as the cost of his motion. The City defendants on July 12, 2013, mailed to Plaintiff at his last known address, Wende Correctional Facility, PO

Box 1187, Alden, New York 14004, twelve pre-stamped envelopes totaling $5.52 in excess of his demand. See enclosure letter at Exhibit A. Plaintiff now moves for an Order for reconsideration or reargument of the Order signed by Hon. Hugh B. Scott on July 9, 2013 granting his fee application and manner of payment and also for Sanctions or Contempt of Court or Removal from the case and an Order for a cash award of $1,000.00 for mental cruelty. See Docket No. 63. The City Defendants oppose Plaintiffs motion and now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Should the Court reconsider its Order of July 9, 2013, Plaintiffs Motion to Compel must be denied as the City Defendants fully complied with this Courts Orders regarding discovery and the judgment reversed.

     Plaintiff's Second Amended Complaint alleges that, pursuant to 42 U.S.C. § 1983, his 4th, 5th, 8th, and 14th Amendment rights were violated, as well as various New York State Constitutional Rights. Plaintiff alleges that on August 5, 2010, he was arrested by officers of the Rochester Police Department, and charged with patronizing a prostitute and subsequently charged with promoting prison contraband. See Complaint, generally. Plaintiff alleges that two female undercover officers from the Rochester Police Department ("RPD") an unknown RPD officer ROC 2122 "used an abuse of power and an abuse of process" in arresting him for patronizing a prostitute. Plaintiff also alleges that Officer Conglio violated his constitution rights by falsely charging him of possession and contraband of drugs. Also that the City of Rochester had a "custom, policy or practice of failing to properly and adequately train and supervise its police and undercover female police officers in the proper handling of sting operations" for patronizing prostitutes. Lastly, Plaintiff claims the City of Rochester violated his constitutional

rights by falsely arresting him during a sting operation where he attempted to patronize a prostitute.

## ARGUMENT

### I. CITY DEFENDANTS' CROSS-MOTION TO DISMISS

#### Point 1

#### Rule 12(c) Motion Standards

Fed. R. Civ. Pro. ("Rule") 12(b)(6) standards apply in deciding a Rule 12(c) motion. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999), cert. den. 531 U.S. 1052 (2000). In reviewing a Rule 12(b)(6) motion, a court "must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court reviewed the pleading requirements of Rule 8(a)(2) in the following passage:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 677-78 (internal citations omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court delineated the minimum pleading standards required to survive a motion to dismiss, as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

4

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Twombly, 550 U.S. at 570, 556-557.

In Iqbal, the Supreme Court delineated two working principles that form the foundation for Twombly.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.
>
> Iqbal, 556 U.S. at 678-79 (internal citations omitted).
>
> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.
>
> Iqbal, 556 U.S. at 679.

Pro se Complaints are to be liberally construed and examined with "'special solicitude,' interpreting the complaint to raise the 'strongest claims that it suggests.'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

## POINT II

**Claims against individual Defendants in their official capacities are actually claims against the City of Rochester**

Nowlin's Second amended Complaint makes claims against Rochester Police Department Officers both in their individual and official capacities. Claims against a government employee in his or her official capacity are treated as claims against the municipality. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Therefore, individual defendants are also considered an arm of the City,

and therefore cannot be sued in that capacity.  See <u>Nieves v. City of Rochester</u>, 2011 U.S. Dist. LEXIS 24594 (W.D.N.Y. 2011), citing <u>Santiago v. City of New York</u>, 2008 U.S. Dist. LEXIS 56205, *6-7 (S.D.N.Y. 2008).  Accordingly, Claims against the individual defendants in their official capacities must be dismissed.

## POINT III

**The City of Rochester Has No Liability For The Acts Complained Of By Nowlin**

The doctrine of respondent superior is unavailable as a basis for imposing liability under 42 U.S.C. §1983. <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 691 (1978). Municipalities and other local government units are included among those persons to whom 42 U.S.C. §1983 applies. <u>Monell</u>, 436 U.S. at 690. However, a municipality may only be held liable under §1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell</u>, 436 U.S. at 690. "[C]onstitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels" are actionable under 42 U.S.C. §1983. <u>Monell</u>, 436 U.S. at 690-691. Consequently "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." <u>Monell</u>, 436 U.S. at 694. "Where a plaintiff relies not on a formally declared or ratified policy, but rather on the theory that the conduct of a given official represents official policy, it is incumbent on the plaintiff to establish that element as a matter of law." <u>Jeffes v. Barnes</u>, 208 F.3d 49, 57-58 (2d Cir. 2000). "[O]nly those municipal officials who have 'final

policymaking authority' may by their actions subject the government to § 1983 liability." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988), quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). "State law determines whether a particular official has the requisite policy making authority that can render a governmental unit liable for unconstitutional actions taken in pursuance of that policy." Baez v. Hennessy, 853 F.2d 73, 76 (2d Cir. 1988), cert. denied, 488 U.S. 1014; Jett v. Dallas Independent School District, 491 U.S. 701, 737-738 (1989); Praprotnik, 485 U.S. at 124-127.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, _ U.S. _ (2011), 131 S.Ct. 1350, 1359. A municipality's failure to train or supervise its employees on a particular subject may serve as a basis for 42 U.S.C. §1983 liability, only when it amounts to a "deliberate indifference to the rights of persons with whom the [untrained employee] comes into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992). A plaintiff must prove that a municipal defendant's inadequate supervision or training "actually caused or was the moving force behind the alleged violations." Reynolds v. Giuliani, 506 F.3d 183, 193 (2d Cir. 2007); Canton, 489 U.S. at 391. There are "three requirements that must be met before a municipality's failure to train or supervise constitutes deliberate indifference to the constitutional rights of citizens. First, the plaintiff must show that a policymaker knows "to a moral certainty" that her employees will confront a given situation . . . Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation . . . Finally, the plaintiff must show that the

wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Walker, 974 F.2d at 297, citations omitted.

"For liability to attach . . . the identified deficiency in a . . . training program must be closely related to the ultimate injury." Canton, 489 U.S. at 391. Typically, "a pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. Connick, 131 S.Ct. 1360, quoting Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 409 (1997). However, the Supreme Court left open the possibility that "the unconstitutional consequences of failing to train could be so patently obvious that a [municipality] could be liable under §1983 without proof of a pre-existing pattern of violations." Connick, 131 S.Ct. at 1361.

Here, Plaintiff's Complaint does not state a specific deficiency in the City's police officer training. Something more is required because a training program is not rendered inadequate "merely because a few of its graduates deviate from what they were taught." Jenkins v. City of New York, 478 F.3d 76, 95 (2d Cir. 2007).

Moreover, "[m]ere negligence will not support a 42 U.S.C. §1983 claim." Garcia v. Senkowski, 919 F. Supp. 609, 615 (N.D.N.Y 1996); Johnson v. Doe, 2001 U.S. Dist. LEXIS 2782 (S.D.N.Y. 2001). There must be conduct far beyond negligence conduct. It must be "so harmful that it can be properly characterized as a 'barbarous act' that 'shocks the conscience'." Garcia, 919 F. Supp. At 615 (quoting United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 866 (2d Cir. 1970)). Nothing Plaintiff has contended here rises to the level of a barbaric act that would shock the conscience of this Court or the public.

When viewing the alleged facts in a light most favorable to Plaintiff, the Complaint fails to allege even minimal facts from which it can be inferred that the alleged constitutional

violation was the result of a City custom or policy or the result of the City's failure to train its officers. There is likewise no evidence to suggest that policymaking officials constructively acquiesced in allowing the continuation of the alleged actions. "Without any basis in fact, these unsupported conclusions of law are insufficient to state a claim." Aguilera, 2006 U.S. Dist. LEXIS 14992, at *11; see also Sylla v. City of New York, 2005 U.S. Dist. LEXIS 31817 (E.D.N.Y. 2005) ("In the absence of any specific allegations, plaintiff has not pleaded facts on which the Court can infer that the municipality bears any culpability for the officers acts, or that the training program in any way caused plaintiff's injuries.").

## POINT IV

**Even if this Court finds Plaintiff has sufficiently stated a claim against the individual Defendants, the individual police officers are entitled to Qualified Immunity against Plaintiffs Claims**

Under federal law, a police officer is entitled to qualified immunity where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act.'" Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007) (quoting Cerrone v. Brown, 246 F.3d 194, 199 (2d Cir. 2001)). "Ordinarily, determining whether official conduct was objectively reasonable 'require[s] examination of the information possessed' by the officials at that time (without consideration of subjective intent)." Conn. ex rel. Blumenthal v. Crotty, 346 F.3d 84, 106 (2d Cir. 2003) (quoting Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)) (alteration in the original). The Supreme Court has observed that qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335,

341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); see Walczyk v. Rio, 496 F.3d 139, 154 (2d Cir. 2007).

It is undisputed that probable cause "is a complete defense to an action for false arrest," Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quotation marks omitted). Plaitniff's false arrest claim thus turns on whether the defendant-officers acted with probable cause or, alternatively, whether their probable cause determination was at least objectively reasonable. "An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" Jenkins, 478 F.3d at 87 (quoting Lennon v. Miller, 66 F.3d 416, 423-24 (2d Cir. 1995)).

Plaintiff was arrested on a charge of prostitution. See Exhibit B, Police Report dated August 5, 2010. Under New York Penal Law § 230.00, "[a] person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee." "When determining whether probable cause exists…consider those facts available to the officer at the time of the arrest and immediately before it, as probable cause does not require absolute certainty." Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (quotation marks and citations omitted). Plaintiff was arrested during a prostitution sting operation where he agreed to engage in sexual conduct for a fee. See Exhibit B. The individual officers had probable cause to arrest Plaintiff.

As the individual police officers are entitled to qualified immunity to each and every allegation in Plaintiffs complaint, the causes of action against them must be dismissed.

**POINT V**

**There can be no punitive damages against the City Defendants**

The Complaint states a separate cause of action against Defendants Coniglio, Jr., arresting Rochester Police Officer, ID Roc 2122 and two "Jane Doe females" for punitive damages without specifying under what theory or statute such damages are sought. See Page 11 in the Complaint ¶ d.

The Supreme Court addressed the issue of punitive damages levied against a municipality in City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981), and held that "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its official … we hold that a municipality is immune from punitive damages under 42 U.S.C. §1983." Id; see also, DiSorbo v. Hoy, 343 F.3d 172, 182 (2d Cir. 2003) ("[P]unitive damages may not be awarded against a municipality under Monell"). "A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer …." Mathie v. Fries, 121 F.3d 808, 818 (2d Cir. 1997). Consequently, "punitive damages are not available against municipalities, or against defendants in their official capacities." Dorsett-Felicelli v. County of Clinton, 2006 U.S. Dist. LEXIS 73362, 2006 WL 2792746 *2 (N.D.N.Y. 2006).

Further, there is no separate cause of action for punitive damages under New York law. See, e.g., Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) ("[T]here is no separate cause of action in New York for punitive damages."); Paisley v. Coin Device Corp., 5 A.D.3d 754 (2d Dep't 2004) ("We note that no separate cause of action for punitive damages lies for pleading purposes.") (citing Crown Fire Supply Co. v. Cronin, 306 A.D.2d 430, 431 (2d Dep't 2003). Additionally, punitive damages are never awarded as a matter of right, no matter how egregious

the defendant's conduct. See Smith v. Wade, 461 U.S. 30, 53, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

## II.     PLAINTIFFS MOTION TO REARGUE OR RECONSIDER

### POINT I

### Plaintiffs Motion to Reconsider or Reargue is Improper

While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law. See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality. Parrish v. Sollecito, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, No. 08 Civ. 8967, 672 F. Supp. 2d 346, 2009 U.S. Dist. LEXIS 105425, 2009 WL 3633897, at *1 (S.D.N.Y. Oct. 29, 2009) (citation omitted) (motion under Local Rule 6.3).

Nevertheless, "reconsideration [under Rule 59(e)] may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); See also Cavallo v. Utica-Watertown Health Ins. Co., 3 F. Supp.2d 223, 225 (N.D.N.Y. 1998); Patterson-Stevens, Inc. v. International Union of Operating Eng'rs, 164 F.R.D. 4, 6

(W.D.N.Y. 1995). Plaintiff has not advanced an argument to warrant reconsideration of this Courts Order signed June 19, 2013 which satisfies the four grounds mentioned above.

Should this Court Reconsider Plaintiff's Motion to compel, his motion must be denied and the judgment be reversed. Plaintiff sought to obtain initial disclosures, which have been provided. Plaintiff is not prejudiced by the delay in receiving the initial disclosures.

## CONCLUSION

Based on the foregoing, the City Defendants request that this Court deny Plaintiff's motion to Reconsider or Reargue. Should this Court Reconsider Plaintiff's Motion to Compel, deny said motion in its entirety. Further Nowlin's Complaint fails to state a claim against the City Defendants. Nowlin's Complaint is subject to dismissal under Fed. R. Civ. Pro. 12(c). Lastly that this Court grant such other and further relief as the Court deems just and proper.

**DATED: August 9, 2013**

                                          **ROBERT J. BERGIN, CORPORATION COUNSEL**

                                          By:    */s/ Fatimat O. Reid*

                                                  **Fatimat O. Reid, Esq., of Counsel**
                                                  *Attorney for Defendant City of Rochester*
                                                  30 Church Street, Room 400A
                                                  Rochester, New York 14614
                                                  Reidf@cityofrochester.gov
                                                  (585) 428-7741

To:    **QUINTIN A. NOWLIN #13B1177**
          PRO SE PLAINTIFF
          WENDE CORRECTION FACILITY
          PO BOX 1187
          ALDEN, NEW YORK 14004-1187

**MONROE COUNTY LAW DEPARTMENT**
**BRIAN E. MARIANETTI, ESQ.**
ATTORNEYS FOR CO-DEFENDANTS
307 COUNTY OFFICE BUILDING
39 WEST MAIN STREET
ROCHESTER NEW YORK, 14614
TELEPHONE: 585-753-1495
BMARIANETTI@MONROECOUNTY.GOV