UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

        Plaintiff,

v.                                 **DECISION AND ORDER**
                                      11-CV-712S

MONROE COUNTY, et al.,

        Defendants.

        1.      This action, brought by pro se Plaintiff, Quintin Nowlin, asserts claims against several law enforcement officers, the City of Rochester, and Monroe County. Plaintiff initially filed his complaint on August 25, 2011, asserting that his rights under the United States and New York State Constitution were violated during the course of an arrest on August 5, 2010. He twice amended his complaint, and the second amended complaint, which is now the operative one, contains five counts, two of which assert claims against Monroe County and its Sheriff, Patrick O'Flynn.

        On October 5, 2012, Monroe County and Sheriff O'Flynn moved for judgment on the pleadings (Docket No. 25),[1] and shortly thereafter this Court referred the matter to Magistrate Judge Hugh B. Scott. (Docket No. 26.) Under the authority of that referral order, Judge Scott issued a Report and Recommendation advising this Court to grant the moving

---

[1] Monroe County also brings this motion on behalf of its employee, Officer Richard Pozzuolo. (See Notice of Motion; Docket No. 25.) But while their memorandum of law begins by describing all three of the defendants as the "County Defendants," the term "County Defendants" is not used again in their memorandum. And no argument is raised with respect to Officer Polluozo – the moving papers are dedicated exclusively to Sheriff O'Flynn and the County. Accordingly, this Court will consider the motion as argued, and Monroe County and Sheriff O'Flynn will be referred to as the "moving Defendants."

Defendants' motion. Plaintiff timely objected, and that objection is currently before this Court.

When a party timely objects to a Report and Recommendation, this Court must review de novo those parts of the recommended disposition that were objected to. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Undertaking that review, and for the following reasons, the Report and Recommendation is set aside and Monroe County's and Sheriff O'Flynn's motion for judgment on the pleadings is denied.

2. According to the second amended complaint, Plaintiff was arrested on August 5, 2010 for soliciting a prostitute. Two disguised Jane Doe police officers allegedly approached his vehicle and, after a brief discussion, Plaintiff told them, "Well Yall Get In [sic]." (Sec. Am. Compl., ¶ 19; Docket No. 12.). The officers refused, but offered to perform a sex act in exchange for money and told Plaintiff to meet them "up the block." (Id. ¶ 20.) Plaintiff did not respond "as [he] was not interested in a prostitute," and drove away. (Id. ¶ 21.) But he was then quickly pulled over and arrested by a different officer. (Id. ¶ 23.) He was handcuffed, searched, and driven in a police wagon to a Monroe County jail. (Id. ¶¶ 23–24.) Once at the jail's "booking area," Officer Richard Pozzuolo, a defendant in this case, presented a "plastic bag and asked [Plaintiff] if it was [his]." (Id. ¶ 26.) Plaintiff said it was not. (Id.) Nonetheless, he was charged with "possession of the drugs," presumably the contents of the plastic bag. (Id. ¶ 27.)

As relevant to this Decision, Plaintiff now claims that a custom or policy adopted by Monroe County and Sheriff O'Flynn led to the allegedly-false drug charge.

3. Monroe County and Sheriff O'Flynn move to be dismissed from this case under Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Courts faced with motions under Rule 12(c) apply the same standard used to decide motions brought under Rule 12(b)(6). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

In turn, Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting

3

Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 678; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

  4. It is well settled that a municipality or a supervisor cannot be held liable on the theory of respondeat superior or simply because it employs a tort feasor. Monell v. Dep't of Soc. Servs of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In other words, to impose liability on a municipality or a supervisory defendant, it (or he) must be the moving force behind the injury alleged. Board of County Com'rs Bryan County, Okl. v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); see Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (quoting Monell, 436 U.S. at 690–91)) (municipality may be "held liable if the conduct that caused the unconstitutional deprivation was . . . . adopted and promulgated by that body's officers").

To this end, it had been previously well settled that:

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts

4

were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995).

But since Iqbal, some districts courts have determined that not all five of Colon's categories remain viable. See e.g., Spear v. Hugles, No. 08CIV4026(SAS), 2009 WL 2176725, at *2 (S.D.N.Y. July 20, 2009) ("Only the first and third Colon factors have survived the Supreme Court's decision in Iqbal" ); Bellamy v. Mount Vernon Hosp., No. 07 CIV. 1801 (SAS), 2009 WL 1835939, at *6 (S.D.N.Y. June 26, 2009) ("The Supreme Court's decision in Iqbal v. Ashcroft abrogates several of the categories of supervisory liability enumerated in Colon v. Coughlin."). Other courts, including those from within this District, disagree or express doubt about this holding. Rivera v. Wright, No. 08-CV-00157-JJM, 2012 WL 13659, at *3 (W.D.N.Y. Jan. 4, 2012) (McCarthy, M.J.); Matusick v. Erie Cnty. Water Auth., 774 F. Supp. 2d 514, 523 (W.D.N.Y. 2011) (Arcara, J.); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010).

5.  In any event, this Court does not need to resolve this issue because Plaintiff alleges that Monroe County and Sheriff O'Flynn are liable under the third Colon factor (i.e., that the moving Defendants adopted a policy or custom under which unconstitutional practices occurred) and all courts agree this category withstands Iqbal. To state such a claim, a plaintiff must plead that "(1) an official policy or custom [] (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983); Hoose v. Monroe Cnty., No. 09-CV-6080T, 2012 WL 2450762, at *4 (W.D.N.Y. June 26, 2012).

The moving Defendants argue that Plaintiff has failed to allege an official policy and custom, and thus move for dismissal. They argue, as Judge Scott found, that Plaintiff's

allegations are mere recitals of the elements of the cause of action, and that there are no factual allegations regarding the alleged customs, policies, and practices that allegedly led to the violation of Plaintiff's rights.

But this Court cannot agree. Plaintiff does allege that Monroe County had a "custom, policy or practice of failing to properly and adequately train his deputies in the proper procedures for 'booking' detainees at the Monroe County Jail." (Sec. Am. Compl. ¶ 43.) And, if that were the extent of his pleadings, this Court would be inclined to agree that they are "threadbare" and devoid of factual allegations.

But that is not the extent of his pleadings.

Plaintiff goes on to explain the policy that, allegedly, caused him to be charged with possession of drugs that were not his. He claims that Monroe County and Sheriff O'Flynn failed to videotape the booking area, and that their jailhouse policy does not call for officers to "inspect, secure and search the booking area [] after the departure of one detainee and before the arrival of the next detainee." (Id.) These are factual allegations – not legal conclusions – which must be accepted as true at this stage of the proceedings. Accordingly, it cannot be said, as the moving Defendants consistently, and exclusively, argue, that "there are no factual allegations" in the complaint. (Def.'s Br., at 5, 6, 9; Docket No. 25-2.). Interpreting pro se Plaintiff's second amended complaint to raise the strongest argument it suggests, see Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and construing it liberally while drawing all reasonable inferences in his favor, see ATSI Communications, 493 F.3d at 98, it becomes clear that Plaintiff has sufficiently met – at the least – the first prong of his claim. Because it is only this prong against which Monroe County and Sheriff O'Flynn move, their motion will be denied.

****

6. Plaintiff also alleges that Monroe County violated "various New York State Constitutional Rights." (Sec. Am. Compl. ¶ 45.) But "there is no private right of action under the New York State Constitution for claims that are remediable under Section 1983 or other state laws." Batista v. City of New York, No. 05-CV-8444(KMK), 2007 WL 2822211, at *9 (S.D.N.Y. Sept. 25, 2007) (citing Coakley v. Jaffe, 49 F. Supp. 2d 615, 628 (S.D.N.Y.1999) *abrogated on other grounds by* Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268 (2d Cir.1999)); Hershey v. Goldstein, --- F. Supp. 2d ----, No. 12 CIV. 3853 PAE, 2013 WL 1431422, at *22 (S.D.N.Y. Apr. 9, 2013). Therefore, Plaintiff's New York State Constitution claims are dismissed as against the moving Defendants. See Batista, 2007 WL 2822211 at *9 ("Because Batista alleged federal constitutional violations under Section 1983 . . . he cannot assert a separate cause of action under the New York State Constitution.").

****

IT HEREBY IS ORDERED, that Monroe County's Motion for Judgment on the Pleadings (Docket No. 25 ) is GRANTED in part and DENIED in part.

FURTHER, that the Report and Recommendation (Docket No. 38) is set aside.

SO ORDERED.

Dated: August 16, 2013
      Buffalo, New York

                                /s/William M. Skretny
                                WILLIAM M. SKRETNY
                                Chief Judge
                                United States District Court