UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

                                Plaintiff,

                                                                  **Hon. Hugh B. Scott**

                              v.

                                                                     11CV712S

                                                                     **Order**

KELLEY LUSK[1], et al.,

                                Defendants.

Before the Court is plaintiff's latest[2] motion to compel production from the Rochester defendants[3] (Docket No. 87[4]). Responses were due by October 21, 2013, with any reply due November 4, 2013 (Docket No. 88), but the Rochester defendants did not respond.

---

[1] See Docket No. 89, Report & Recommendation and Order of Oct. 2, 2013 (hereinafter "R&R&Order"), at 19, 28, ordering amendment of the caption.

[2] Plaintiff has repeatedly moved to compel production from these defendants, Docket Nos. 47 (motion), 53 (Order compelling initial disclosure), 61 (Order awarding discovery sanctions), 63 (motion for reconsideration), 89 (R&R&Order); see also Docket No. 87, Pl. Decl. ¶ 11. Familiarity with these prior proceedings is presumed.

[3] These defendants include the City of Rochester; its Police Department; Officer Dempsey, ID ROC2122; Kelly Lusk; Anthony Mazukiewicz; and Kenneth Coniglio, Jr., Docket No. 14, Rochester Defs. Ans.; Docket No. 89, Report & Recommendation and Order of Oct. 2, 2013, at 19, 28.
    This is in contrast with the "Monroe County defendants," that is Monroe County, Monroe County Sheriff O'Flynn, and Deputy Richard Pozzuolo.

[4] In support of his motion, plaintiff submits his Declaration, Docket No. 87. This Court takes notice of the filed discovery, Docket Nos. 71, 77-81; see also W.D.N.Y. Loc. Civ. R. 5.2(f), that are at issue with this motion, and plaintiff's letter to Rochester defendants' counsel of September 16, 2013, Docket No. 86, also filed with the Court.

BACKGROUND

This is a pro se civil rights action commenced by an incarcerated plaintiff. Plaintiff alleges that defendants violated his constitutional rights in illegally stopping, searching, and arresting him on August 5, 2010, in a prostitution sting operation (Docket No. 1, Compl.; see also Docket No. 38, Report & Rec. of Jan. 30, 2013, at 2). Plaintiff filed his first Amended Complaint (Docket No. 8) and then moved for leave to proceed as a poor person (Docket No. 2), which was granted, with this Court dismissing claims against certain other parties (Docket No. 9). Plaintiff then filed a (second) Amended Complaint (Docket No. 12). The Rochester defendants (Docket No. 14) and the Monroe County defendants (Docket No. 21) separately answered the (second) Amended Complaint (Docket No. 12). This Court then issued a Scheduling Order (Docket No. 22). The counsel for the Rochester defendants sought a four-month extension of the Scheduling Order deadlines (Docket No. 23) but this request was denied (Docket No. 24).

The Monroe County defendants filed their motion for judgment on the pleadings (Docket No. 25) and obtained a stay of discovery (Docket Nos. 29 (motion), 30 (Order)), while the Rochester defendants did not make an initial dispositive motion or seek a stay of discovery for them (see Docket No. 38, Report & Rec. of Jan. 30, 2013, at 3). The Report (Docket No. 38, Report & Rec. of Jan. 30, 2013, at 8) on the Monroe County defendants' motion also amended the Scheduling Order (cf. Docket No. 22). This schedule has been extended since (Docket Nos. 46, 76; see also Docket No. 70 (plaintiff's motion)). Currently, discovery is to be completed by November 20, 2013 (Docket No. 76, 4th Amended Scheduling Order).

The Monroe County defendants moved for judgment on the pleadings (Docket No. 25), which was granted in part, denied in part (Docket No. 73, Order of Aug. 16, 2013; cf. Docket No. 38, Report & Rec. of Jan. 30, 2013), leaving certain claims against these defendants. The Rochester defendants also later cross-moved for judgment on the pleadings (Docket No. 68), which this Court recommended granting in part, denying in part (Docket No. 89, R&R&Order), leaving (if the Report is adopted) certain claims against the Rochester defendants. Plaintiff moved for an extension of time to file his Objections to this Report (Docket Nos. 90, 94), which was granted (Docket No. 91), with those Objections now due by November 4, 2013 (id.).

*Plaintiff's Initial Motion to Compel from the Rochester Defendants*

Plaintiff first argued that the Rochester defendants failed to produce initial disclosure by the October 23, 2012, deadline (Docket No. 47, Pl. Decl. ¶¶ 5-7). Plaintiff then wrote to the Rochester defendants on April 17, 2013, requesting this initial disclosure as well as production of all papers and transcripts in his criminal prosecution, NYS CR: 10-260529 (id. ¶ 10), and repeated this request on May 6, 2013 (id. ¶ 11). Plaintiff claimed that defense counsel for the Rochester defendants ignored these discovery requests (id. ¶ 12). Plaintiff therefore moved to compel this disclosure and imposition of sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii) (id., at page 3, WHEREFORE Cl.).

Plaintiff's motion was granted in part, compelling these defendants to produce initial disclosure, but declining to dismiss defenses (Docket No. 53, Order of June 19, 2013). Plaintiff was granted his reasonable motion expenses (namely for duplication and postage) of $5.28 in pre-paid postage (Docket Nos. 56 (application), 61 (Order)). Plaintiff moved to reconsider the denial of other relief he sought (Docket No. 63), and this Court denied that motion (Docket

3

No. 89, R&R&Order). Plaintiff separately moved for leave to amend the Complaint (Docket No. 66), which was granted (Docket No. 89, R&R&Order).

*Plaintiff's Current Motion to Compel*

Plaintiff now moves for the Rochester defendants to answer Interrogatories (Docket No. 87). Plaintiff served his Interrogatories upon the Rochester defendants on August 8, 2013 (id., Pl. Decl. ¶ 9; see Docket No. 71, Interrogatories to Kelly Lusk, Anthony Mazurkiewicz, Officer Dempsey). These went unanswered (Docket No. 87, Pl. Decl. ¶ 9) and plaintiff wrote to the Rochester defendants' counsel on September 16, 2013, noting that no answers were submitted and that any request to extend the discovery deadline needed to be made before the deadline passed (Docket No. 86). Plaintiff meanwhile served a second set of Interrogatories on August 21 and 27, 2013 (Docket Nos. 77-79, 80-81) upon defendants Dempsey, Mazurkiewicz, Lusk, Kenneth Coniglio, and "all police officers in the Rochester Police Department," but these Interrogatories were ignored (Docket No. 87, Pl. Decl. ¶ 20). On September 25, 2013, plaintiff filed the present motion to compel (Docket No. 87).

Plaintiff later filed a nearly identical motion to compel production from the Monroe County defendants (Docket No. 95), despite the fact that new counsel for those defendants wrote to plaintiff requesting an extension of time to respond to the discovery requests (Docket No. 96). Plaintiff's motion against the County defendants was terminated without prejudice (Docket No. 97).

DISCUSSION

I.  Standard

Answers to Interrogatories are due within 30 days after being served, Fed. R. Civ. P. 33(b)(2).

Federal Rule of Civil Procedure 37(b)(2)(a) imposes sanctions upon a party for failing to obey an Order to provide or permit discovery, authorizing this Court to impose various sanctions including directing facts be deemed as established in favor of the movant, prohibiting the disobedient party from using evidence not produced, striking pleadings, or rendering a default judgment for the moving plaintiff, Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iii), (vi).  Rule 37(a) generally allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention, Fed. R. Civ. P. 37(a)(2)(A).  Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed in light of the full record, see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37 calls upon the Court to make such orders in regard to disclosure failures as are just.  This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37.  See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000).  The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request are each drastic remedies, Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as most severe sanction).

Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court

> "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: . . . (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007).

Sanctions for failing to comply with an Order under Rule 37 include the same sanctions available if a motion to compel under Rule 37(a) is granted, Fed. R. Civ. P. 37(b)(2)(A), (C), with imposition of reasonable motion expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(c).

II.  Application

The Rochester defendants have not responded to this motion. There is no stay of discovery. The Rochester defendants did not seek a stay. The entry of the Report & Recommendation on their cross-motion (including recommending dismissing the individual defendants on qualified immunity grounds) does not effect a stay of proceedings against those defendants until the Report is adopted by Chief Judge Skretny. See generally Idaho v. M.A. Hanna Co., 819 F. Supp. 1464, 1467 (D. Idaho 1993), where defendants separately moved to stay jurisdictional proceedings while objections to a Report and Recommendation on third party defendants' motions to dismiss on jurisdictional grounds were pending; that court accepted the Report and denied the stay, id. at 1467-68, 1468-71. Even if the Report had such an effect, that might explain the Rochester defendants not responding to most, but not all, of the interrogatories

posed; plaintiff served interrogatories upon "all police officers" in the Rochester Police Department (Docket No. 81) which includes officers who were not defendants or movants seeking dismissal on qualified immunity grounds. The Rochester defendants could have responded (or objected) on behalf of those officers.

By not responding to plaintiff's current motion, these defendants have not explained or excused their failure to answer these Interrogatories. Contrast this with the Monroe County defendants who requested an extension of time from plaintiff to respond to similar discovery demands (see Docket No. 96, letter of Deputy County Attorney Mallorie Rulison, to plaintiff, copy to Chambers, Oct. 17, 2013). Thirty days have passed from the service of both sets of Interrogatories without any apparent response. Thus, plaintiff's present motion to compel answers to these Interrogatories (Docket No. 87) is **granted**. The Rochester defendants are to answer plaintiff's Interrogatories (Docket Nos. 71, 77-81) forthwith.

As for sanctions, since plaintiff prevails, sanctions of plaintiff's reasonable expenses–again his postage and duplication costs–in making this motion would be recoverable. Therefore, plaintiff shall submit his reasonable motion expenses within seven (7) days of entry of this Order, or by **November 6, 2013**.

III. Amended Schedule

Given the grant of this motion and the current schedule (cf. Docket No. 76) and its November 20, 2013, discovery deadline, that deadline may need to be extended to allow for completion of the discovery ordered as well as other discovery pending in this case (see Docket Nos. 95-97). Therefore, the Fourth Amended Scheduling Order (Docket No. 76) is amended as follows:

- Discovery to be completed by **January 3, 2014**;

- Dispositive motions are due by **April 7, 2014**;

- If no dispositive motions are filed, Status Report(s) are due by **April 15, 2014**. Status Conference set for **Wednesday, May 14, 2014, 2:00 pm**, at the Genesee Courtroom, Robert H. Jackson United States Courthouse, before the undersigned. Again, if plaintiff is incarcerated as of that conference, defense counsel shall assist the Court in making plaintiff available for this conference by telephone. Following this conference, the undersigned will indicate the readiness of this case for trial.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to compel the Rochester defendants to produce initial disclosure (Docket No. 87) is **granted**; these defendants are to answer plaintiff's Interrogatories (see Docket Nos. 71, 77-81) forthwith. As for sanctions, plaintiff shall submit his reasonable motion expenses within seven (7) days of entry of this Order, or by **November 6, 2013**.

The Scheduling Order in this case (cf. Docket No. 76) is amended as indicated above. So Ordered.

                                                  */s/ Hugh B. Scott*
                                                  Honorable Hugh B. Scott
                                                  United States Magistrate Judge

Dated: Buffalo, New York
       October 30, 2013