UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

                                    Plaintiff,

                                                          **Hon. Hugh B. Scott**

                    v.
                                                          11CV712S

                                                          **Order**

KELLY LUSK, et al.,

                                    Defendants.

Before the Court is a series of motions filed by plaintiff each seeking compelled

discovery from the two main groups of defendants in this case, the Rochester defendants[1] and the

Monroe County defendants[2]. These motions are a continuation of discovery motion practice by

plaintiff to compel discovery. First, plaintiff sought initial disclosure (Docket Nos. 47 (motion to

compel disclosure from Rochester defendants), 50 (motion to compel from Monroe County

defendants), 51 (Order of June 12, 2013, terminating No. 50 due to stay of discovery), 53 (Order

of June 19, 2013, compelling initial disclosure), 55 (motion to dissolve stay), 61 (Order of July 9,

2013, awarding discovery sanctions), 63 (motion for reconsideration of sanctions), 73 (Order of

Aug. 16, 2013, of Chief Judge Skretny), 76 (Order of Aug. 20, 2013, lifting stay of discovery)).

He later moved for discovery from defendants (Docket Nos. 87 (motion to compel Rochester

---

[1]These defendants include the City of Rochester; its Police Department; Officer
Dempsey, ID ROC2122; Kelly Lusk; Anthony Mazukiewicz; and Kenneth Coniglio, Jr., Docket
No. 14, Rochester Defs. Ans.; Docket No. 89, Report & Recommendation and Order of Oct. 2,
2013, at 19, 28.

[2]These defendants include Monroe County, Monroe County Sheriff O'Flynn, and Deputy
Richard Pozzuolo.

defendants), 89 (Report & Rec. & Order of Oct. 2, 2013), 100 (plaintiff's Objections to the

Report & Recommendation & Order), 95 (motion to compel Monroe County defendants), 97

(Order of Oct. 24, 2013, terminating motion due to letter application from Monroe County

defense counsel), 98 (Order of Oct. 30, 2013)).   Plaintiff now moves to compel fuller and

complete answers and production of that discovery (Docket Nos. 108 (from Monroe County

defendants), 115 (from Rochester defendants), 116 (to depose Rochester defendants)).

A constant theme in these motions (as with plaintiff's prior motions) is plaintiff's

dissatisfaction with defendants' evasions, answers, and production he deems to be incomplete.

Plaintiff contends that defendants' objections to production were baseless.

Also pending from the prior round of motions to compel is plaintiff's application for

recovery of his costs for the last motion to compel from the Rochester defendants (see Docket

No. 98, Order of Oct. 30, 2013, at 7, 8), but plaintiff did not submit a timely application to

recover those costs.

As previously stated, familiarity with prior proceedings in this case is presumed.

Now before this Court is plaintiff's motion to compel production from the Monroe

County defendants (Docket No. 108[3]).   Plaintiff contends that the Monroe County defendants'

Answers to Interrogatories (Docket Nos. 103-05) are incomplete (Docket No. 108).   Responses to

this motion were due by January 3, 2014, and any replies by January 13, 2014 (Docket No. 110).

---

[3]In support of this motion, plaintiff submits his Declaration and Memorandum of Law,
Docket No. 108; his letter to Chambers dated January 6, 2014 (received January 15), Docket
No. 127; his reply Declaration, Docket No. 129.   In response, the Monroe County defendants
submit their attorney's Declaration (with exhibit, plaintiff's letter to counsel of November 1,
2013), Docket No. 124; their attorney's Declaration (with exhibits) regarding the applicable
Monroe County Local Law, Docket No. 128, cf. Docket No. 126.

The Monroe County defendants requested additional time to respond after supplementing their responses (Docket No. 118; see also Docket Nos. 120-22 (supplemental Answers to Interrogatories), 124, Monroe County Def. Atty. Decl. ¶¶ 4-9, Ex. A; Docket No. 127 (plaintiff's letter of Jan. 6, 2014, responding to this request)), which was granted (Docket No. 119). Responses to plaintiff's motion then were due by January 13, 2014, with any reply due January 27, 2014 (id.). This Court then sought briefing from these defendants on the indemnification of defendant O'Flynn by Monroe County, with that response due by January 22, 2014 (Docket No. 126).

Next, plaintiff moved again to compel discovery from the Rochester defendants (Docket No. 115[4]). He separately moved to take the depositions of the individual Rochester defendants by telephone (Docket No. 116[5]). Responses to these Rochester motions were due January 13, 2014, with replies due January 27, 2014 (Docket No. 117).

Discovery deadlines under the current Scheduling Order (Docket No. 98) were held in abeyance during the pendency of these motions (Docket No. 117) and all motions were deemed submitted on January 27, 2014 (Docket No. 119).

## BACKGROUND

This is a civil rights action commenced by plaintiff proceeding pro se while incarcerated. As previously detailed (see, e.g., Docket No. 98, Order of Oct. 30, 2013, at 2-4; Docket No. 89,

_____

[4]In support of this motion, plaintiff submits his Declaration, Docket No. 115; and his reply Declaration, with exhibit, Docket No. 129. In response, the Rochester defendants submit their attorney's Declaration, Docket No. 125.

[5]In support of this motion, plaintiff submits his Declaration with exhibits of the notices of deposition, Docket No. 116. The Rochester defendants did not submit a timely response.

Report & Rec. & Order, at 3-7 (and pleadings cited therein)), plaintiff alleges that defendants violated his rights by illegally stopping, searching, and arresting him on August 5, 2010, for soliciting a prostitute during a prostitution sting operation in the City of Rochester.  Plaintiff claims that he was solicited by two Rochester Police Department officers posing undercover as prostitutes.  During the booking process by the Monroe County Sheriff's Department, plaintiff claims that drugs were planted upon him and he was also charged (illegally) with possession of a controlled substance.

*Present Motion Against the Monroe County Defendants*

Plaintiff served Interrogatories upon the Monroe County defendants on or about September 9, 2013 (Docket Nos. 84, 85).  These defendants filed their Answers (Docket Nos. 103-05; cf. Docket Nos. 120-22 (supplemental Answers to Interrogatories)) on November 15, 2013, after seeking (Docket No. 96) and receiving an extension of time to respond (Docket Nos. 97, 124, Monroe County Defs. Atty. Decl. ¶ 6, Ex. A).  Plaintiff contends that the Monroe County defendants' discovery responses are evasive and incomplete (Docket No. 108). He faults these defendants for their belated request for an extension of time to respond to his discovery demands (Docket No. 108, Pl. Decl. ¶¶ 8, 13).  Plaintiff recounts his repeated efforts to obtain discovery responses from these defendants (id. ¶¶ 4-7).  When the Monroe County defendants did respond, plaintiff termed their answers evasive and incomplete, indicating their intentions not to answer his inquiries (id. ¶¶ 9-11, 14).

Since these defendants were not timely in their responses, plaintiff concludes that they waived any objections they may have (or have raised) to the discovery demands (Docket No. 108, Pl. Memo. at 1-2).  As to the merits of those objections, plaintiff argues that defendants fail to

state specifically (for example) where his demands or Interrogatories were not relevant or were vague, ambiguous, or overly broad (id. at 2-4, 5, 9-13)).  Plaintiff defends his Interrogatories asking the personal assets of some of the defendants because he has claims against them in their personal as well as official capacities (id. at 4, 13).

Plaintiff objects that Sheriff O'Flynn and Pozzuolo did not sign and verify their respective Answers to Interrogatories (id. at 4, 13), although plaintiff did not include a copy of those Answers (cf. Docket Nos. 103-05) in his moving papers.

Aside from the common arguments raised by all defendants (and noted below as to the number of Interrogatories posed, the absence of good faith attempt by plaintiff to resolve these disputes short of motion practice, and seeking private and irrelevant information), the Monroe County defendants specifically object that their responses were timely, that plaintiff seeks privileged and attorney-client communications in trying to learn who participated in case preparation including responding to the Interrogatories (Docket No. 124, Monroe County Defs. Atty. Decl. ¶¶ 4-7, 33-39).  They also object to answering Interrogatories regarding excessive force where no excessive force claim was lodged against them during plaintiff's detention; nor does the Complaint allege claims surrounding a detainee escaping so questions regarding this are not relevant (id. ¶ 44).  They object to being overly burdensome to list every County unreasonable or excessive force and unlawful arrest claim lodged against them (id. ¶¶ 45-48).

In reply, plaintiff argues that these defendants did not respond initially within the 30 days required to respond to discovery and then defendants sought their extension (Docket No. 129, Pl. Decl. ¶¶ 5-8).  He contends that the Monroe County defendants effectively abandoned this case because at least two attorneys were representing these defendants while the deadlines had passed,

rejecting defense counsel's argument that she sought an extension due to being newly assigned to this case (id. ¶¶ 9-11).  He also notes that even after these defendants purported to answer his Interrogatories, some of these were still not answered (id. ¶ 14) and their belated objections were waived (id. ¶¶ 15-16).

*Present Motion Against the Rochester Defendants to Compel*

Plaintiff also served Interrogatories upon the Rochester defendants (Docket Nos. 77-81). These defendants filed their Answers (Docket Nos. 111-14; see also Docket No. 123).  In his motion to compel, plaintiff now objects that one defendant, Lusk, did not answer his Interrogatories (Docket No. 115, Pl. Decl. ¶¶ 12, 17; see also Docket No. 116, Pl. Decl. re Rochester Motion to Depose, ¶ 10 (objecting that Answers to Interrogatories were unsigned and were answered evasively and incompletely; but cf. Docket No. 123, Lusk Ans. to Interrogs.). After recounting briefly the history of the Rochester defendants' recalcitrance in responding to discovery (Docket No. 115, Pl. Decl. ¶¶ 6-7, 8-11), plaintiff finally received Answers to Interrogatories but he deemed them to be evasive and incomplete (id. ¶ 12).

The Rochester defendants raise the common objections and arguments to those raised by the Monroe County defendants (again, discussed below).

In reply, plaintiff notes the incomplete and evasive responses given by the Rochester defendants to his Interrogatories (Docket No. 129, Pl. Decl. ¶¶ 11-15), faults the Interrogatories for being signed only by counsel and not by the individual defendants questioned (id. ¶¶ 16-17). He notes that he received the defense response on January 21, 2014, and that it was thus untimely (id. ¶¶ 20, 22, Ex. A (certificate of service for Docket No. 125, with December 2013 dates and signed January 14, 2014)).

6

*Plaintiff's Motion to Depose Rochester Defendants*

Given plaintiff's stated distrust of the Rochester defendants and their non-compliance with discovery demands and Orders, he seeks to depose individual defendants by oral examination over the telephone (Docket No. 116, Pl. Decl. ¶¶ 9, 6-7).  He seeks to have the deposition recorded by audio recording (rather than by stenographic means) by an independent recording technician appointed by the Court without the recording be transcribed (id. ¶ 8). Plaintiff wants defense counsel to arrange the telephone conference call for these depositions, for the Court to determine who would administer the oaths, and to provide him with certified copies of the recordings (id.).

The Rochester defendants did not submit a timely response to this motion (cf. Docket No. 129, Pl. Decl. ¶ 18 (noting that defense did not respond to this motion)).

DISCUSSION

I.      Discovery Standards

As previously stated (e.g., Docket Nos. 53, 98), Federal Rule of Civil Procedure 37(b)(2)(a) imposes sanctions upon a party for failing to obey an Order to provide or permit discovery, authorizing this Court to impose various sanctions including directing facts be deemed as established in favor of the movant, prohibiting the disobedient party from using evidence not produced, striking pleadings, or rendering a default judgment for the moving plaintiff, Fed. R. Civ. P. 37(b)(2)(A)(I), (ii), (iii), (vi).  Rule 37(a) generally allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention, Fed. R. Civ. P. 37(a)(2)(A).

Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed in light of the full record, <u>see</u> <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures</u>, 602 F.2d 1063, 1068 (2d Cir. 1979).  Rule 37 calls upon the Court to make such orders in regard to disclosure failures as are just.  This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37.  <u>See</u> <u>Reilly v. NatWest Markets Group Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 1119 (2000).

Rule 33(a)(1) restricts a party to ask 25 written Interrogatories, including discrete subparts, absent obtaining Court permission.  The requested party generally has 30 days to respond to the Interrogatories or raise objections, Fed. R. Civ. P. 33(b)(2), (4) (any objection not timely raised is waived).  Rule 33(b)(5) also requires the Answers be signed by the person making the answer and signed by counsel for any objections.

Depositions other than recorded by stenographic means requires either the parties' stipulation (not present here, <u>see</u> Docket No. 116, Pl. Decl. ¶ 5) or with leave of the Court, Fed. R. Civ. P. 30(a)(2).  Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed under Rule 28(a), Fed. R. Civ. P. 30(b)(5)(A).  The party who notices the deposition states the method of its recording, be it by stenographic means or by audio, audiovisual means, with the noticing party (here plaintiff) bearing the recording costs, Fed. R. Civ. P. 30(b)(3)(A).  Any party may arrange to transcribe the deposition, <u>id.</u>  The parties again may stipulate or this Court may order the deposition be taken by telephone or other remote means, Fed. R. Civ. P. 30(b)(4).

Finally, this Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:  (I) the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," Fed. R. Civ. P. 26(b)(2)(C).

## II.      Common Defense Arguments Raised

Both sets of defendants argue that the form of the Interrogatories were improper in asking without leave more than 25 questions (including subparts) and that plaintiff failed to make good faith efforts to resolve these discovery disputes prior to making motion (Docket Nos. 124, Monroe County Defs. Atty. Decl. ¶¶ 8-17, 18-23, 24-28, Ex. A; 125, Rochester Defs. Atty. Decl. ¶¶ 4-7, 8-11, 12-16).  All defendants contend that plaintiff seeks information about the personal financial information of parties immunized by their municipal employers (Docket Nos. 124, Monroe County Defs. Atty. Decl. ¶¶ 29-32; 125, Rochester Defs. Atty. Decl. ¶¶ 21-24).  They also contend that the Interrogatories seek information not relevant to the case and are overly broad in inquiring about prior investigations of plaintiff's family members (see, e.g., Docket No. 84, O'Flynn Interrogatory, question 18; Pozzuolo Interrogatory, question 16; Docket No. 124, Monroe County Defs. Atty. Decl. ¶¶ 40-43; Docket No. 125, Rochester Defs. Atty. Decl. ¶¶ 17-20).

### A.      Number of Interrogatory Questions

Rule 33(a)(1) restricts a party to ask 25 written interrogatories, including discrete subparts.  Plaintiff, although proceeding pro se, under this Court's rules is required to be

"familiar with, follow, and comply with the Federal Rules of Civil Procedure," W.D.N.Y. Loc. Civ. R. 5.2(I).  Hence, he had the choice of narrowing his Interrogatories to up to 25 questions including subparts or seek leave of this Court to go beyond that limit.

Here, plaintiff generally asked 19-22 questions in each Interrogatory, but some questions had stated subparts (e.g., Docket No. 71, Rochester Defs. Interrog., question 14) or were compound questions within a single question (e.g., Docket No. 85, Monroe County Interrogatory, question 15; Pozzuolo Interrogatory, questions 6, 16; Docket No. 80, Coniglio Interrogatory, questions 2-4; Docket No. 81, City of Rochester Interrogatory, questions 5, 12).  The total number of questions and sub parts of questions asked in these Interrogatories exceed the 25-question limit.  Defendants need not answer these extra Interrogatories beyond the first 25 (Interrogatories and subparts), see Claudia Wilken and Robert M. Bloom, 7 Moore's Federal Practice - Civil § 33.30, at [1] & nn.5, 6.1 (2013) (citing cases, better practice for party to answer first 25 interrogatories and object to the rest).

B.      Good Faith Requirement

Regarding the good faith requirement, there is no exception for pro se incarcerated parties from this obligation, Fox v. Poole, No. 06CV148, 2007 WL 837117, at *3 (W.D.N.Y. Mar. 15, 2007) (Scott, Mag. J.) (incarcerated pro se plaintiff not exempted from Rule 37(a) certification requirement even if means to confer are restricted due to plaintiff's incarceration); see Avent v. Solfaro, 201 F.R.D. 91, 95 (S.D.N.Y. 2002) (dismissing pro se plaintiff's motion to compel where plaintiff failed to show he attempted to contact defendant to resolve issues prior to making motion); Milton v. Buffalo Eng'g, P.C., No. 03CV472, 2004 U.S. Dist. LEXIS 30023, at *7 (W.D.N.Y. May 27, 2004) (Scott, Mag. J.); Pagan v. Sheppard, No. 13CV6150, 2013 U.S. Dist.

LEXIS 145367, *1, 4-5 (W.D.N.Y. Oct. 3, 2013) (Payson, Mag. J.); <u>Greene v. Wright</u>,

No. 03:04CV658, 2006 U.S. Dist. LEXIS 64875, at *4 (D. Conn. Aug. 28, 2006) (<u>pro se</u> party

must follow all rules, including rules for good faith conference before filing discovery motions).

 Plaintiff here argues that he served his initial round of Interrogatories (Docket No. 108,

Pl. Decl. ¶ 4), the Monroe County defendants failed to respond within 30 days without obtaining

an extension from the Court or contacting plaintiff seeking an extension (<u>id.</u> ¶ 5).  Plaintiff then

served a second set of Interrogatories upon these defendants on or about October 12, 2013

(<u>id.</u> ¶ 6), without enclosing a copy of the covering correspondence with this present motion, and

then served a motion to compel (<u>id.</u> ¶ 7; <u>see</u> Docket No. 95) on October 20, 2013.  Plaintiff's

correspondence here only raises the issue of the timeliness of the Monroe County defendants'

answer and does not address the other issues now raised in the current motion against those

defendants.  Since plaintiff here has not attempted to confer, rather serving demands and filing

motions to compel, these motions **are denied** for his failure to make good faith attempts to

resolve these disputes short of motion practice.  Since defendants have answered and objected to

plaintiff's Interrogatories, plaintiff must rely upon the served responses unless plaintiff engages

in a good faith effort (for example, exchange of letters to address concerns) to resolve any

remaining objections he has with those responses.

 For a full record to consider these motions completely, to guide the parties in any

discussions that may occur if plaintiff initiates good faith efforts just discussed to compel

production, this Court next addresses the merits of plaintiff's motions and defendants' remaining

defenses.

C.      Personal Financial Information

Although individual defendants are sued in their individual and official capacities (cf.

Docket No. 108, Pl. Memo. at 4, 13), under New York Public Officers Law § 18 claims against

most of them will be indemnified by their respective municipal employers, Monroe County or the

City of Rochester, N.Y. Pub. Off. L. § 18(4)(a).  Hence, personal financial information of the

individual defendants (save Sheriff O'Flynn) is irrelevant and will not be disclosed.  Plaintiff's

motions to compel disclosure of this information from these defendants are **denied**.

Sheriff O'Flynn, however, appears to be in a different position.  Public Officers Law § 18

applies to most municipal employees but not to county sheriffs (such as O'Flynn), see id.

§ 18(1)(b); Bardi v. Warren County Sheriff's Dep't, 194 A.D.2d 21, 603 N.Y.S.2d 90 (3d Dep't

1999); see also N.Y. Const. art. 13, § 13(a) (1981) ("the county shall never be made responsible

for the acts of the sheriff"), abolished Jan. 1, 1990; Brooks v. County of Onondaga, 167 A.D.2d

862, 561 N.Y.S.2d 963 (4th Dep't 1990).  Counties by Local Law may provide defense and

indemnification to their sheriffs, see Nichols v. County of Rensselaer, 132 Misc.2d 489, 504

N.Y.S.2d 373 (N.Y. Sup. Ct. 1986), aff'd, 129 A.D.2d 167, 517 N.Y.S.2d 315 (3d Dep't 1987),

but the Monroe County defendants initially have not produced such a Local Law, Monroe

County, N.Y., Charter, Admin. Code §§ 39-2 ("employee" defined to include Sheriff), 39-4

(indemnification of employees), 39-3 (defense of employees) (cf. Docket No. 128, Monroe

County Defs. Atty. Decl, Ex. A); see also Monroe County Deputy Sheriff's Ass'n v. Monroe

County, Ind. No. 2001-12509, 2002 N.Y. Misc. LEXIS 170, at *16-18 (N.Y. Sup. Ct. Jan. 10,

2002) (Fisher, J.); Schulik v. County of Monroe, 202 A.D.2d 960, 961, 609 N.Y.S.2d 502, 503

(4th Dep't 1996) (citing Monroe County Local Law of 1982 No. 1, § 3-a, county does not assume

liability for acts of Sheriff); cf. Monroe County, N.Y., Charter, Admin. Code Ch. 39, Defense and Indemnification of County Officers and Employees (superseding Monroe County Local Law of 1982 No. 1).  This Court requested that these defendants produce relevant Local Law by January 22, 2014 (Docket No. 126; see also Docket No. 128, Monroe County Defs. Atty. Decl., Ex. A).

Under the current version of Monroe County Local Law, Monroe County, N.Y., Charter, Admin. Code § 39-4, the County indemnifies the Sheriff, thus questions about his or his family's personal assets are also irrelevant and not disclosable (Docket No. 128, Monroe County Defs. Atty. Decl. ¶ 6, Ex. A).

Even if O'Flynn is not indemnified, prejudgment discovery of a defendant's assets rarely is relevant unless it implicates a claim or defense in the case, James Wm. Moore, 6 Moore's Federal Practice - Civil § 26.41[8][a] (2013).  Where, however, the Complaint asserts a claim for punitive damages, as was done here (Docket No. 12, 2d Am. Compl. at 11), a commentator notes that "a majority of federal courts permit discovery of the net worth and financial condition of the defendant, without requiring the plaintiff to establish a prima facie case on the issue of punitive damages," id., § 26.41[8][c].  Some courts, however, defer such discovery until it appears that the defendant will be liable for punitive damages, id. § 26.41[8][c], at n.73; Davis v. Ross, 107 F.R.D. 326, 327 (S.D.N.Y. 1985).  If allowed, it would be only the assets of the individual party (and not his or her family's).

Here, plaintiff has not shown that O'Flynn's (or the other requested defendants') assets are relevant to any claim or defense save his claim for punitive damages.  If he seeks this information to learn the ability of these defendants (in their individual capacities) to pay any

judgment, that is not relevant to his claims. "As a general rule, discovery concerning an adversary party's assets is not permitted during the course of the litigation unless it is relevant to the merits of a claim. Rather, such discovery is properly reserved for post-judgment proceedings, when a judgment creditor seeks the information necessary to permit it to enforce the judgment," Sequa Corp. v. Gelman, No. 91 Civ. 8675, 1995 U.S. Dist. LEXIS 9338, at *2-3 (S.D.N.Y. July 7, 1995); Telebrands Corp. v. HM Imp. USA Corp., No. 09CV3492, 2010 U.S. Dist. LEXIS 18726, at *3-4 (E.D.N.Y. Mar. 3, 2010). Thus, general discovery of O'Flynn's assets unrelated to a punitive damages claim **is denied**; as for discovery for plaintiff's punitive damages claim, these Interrogatories **are deferred** until it appears that O'Flynn is deemed liable for punitive damages.

D.    Prior Investigations

Plaintiff's Interrogatories sought information about prior investigations of plaintiff's family members without any allegation tying those investigations to this case. Plaintiff has not shown how this would lead to relevant evidence to support a claim or a defense in this action, cf. Fed. R. Civ. P. 26(b)(1). Plaintiff's motions to compel answers to these particular Interrogatories are **denied**.

III.    Application, No. 108, Motion to Compel Monroe County Defendants

A.    Timeliness of Responses

On the timeliness of defense responses, a review of the timeline for these Interrogatories is in order. Plaintiff faults the Monroe County defendants for their belated request to extend time for their answers and, since they were thus untimely in plaintiff's view, they waived their objections to the Interrogatories (Docket No. 108, Pl. Decl. ¶¶ 8, 13; id., Pl. Memo. at 1-2).

14

Plaintiff served his Interrogatories upon the Monroe County defendants, dated September 9, 2013, and filed on September 10, 2013 (Docket No. 84; <u>see also</u> Docket No. 85, with certificate of service, dated Sept. 9, 2013). Under Rule 33, the responding party must answer or raise its objections within 30 days, Fed. R. Civ. P. 33(b)(2), thus Answers to these Interrogatories were due by October 9, 2013. By October 17, 2013, new counsel appeared for the Monroe County defendants (<u>see</u> Docket No. 92), and wrote to plaintiff on that date (and copied Chambers) requesting an extension of time to respond (Docket No. 96). Plaintiff agreed to this extension (Docket No. 124, Monroe County Defs. Atty. Decl. ¶ 6, Ex. A) and this Court terminated plaintiff's motion (Docket No. 95) to compel timely response to these Interrogatories based upon defendants' request (Docket No. 97). These defendants then answered the Interrogatories on November 15, 2013 (Docket Nos. 103-05). The Monroe County defendants requested their extension after the deadline date which plaintiff consented to. The Monroe County defendants then timely answered and has not waived their objections. Plaintiff's motion on this ground is **denied**.

      B.      Unsigned Answers to Interrogatories

      Plaintiff objects that certain Answers to Interrogatories were not verified by individual defendants (Docket Nos. 108, Pl. Memo. at 4, 13 (County defendants); 129, Pl. Decl. in response to Rochester Defs. ¶ 19). Again, Rule 33(b)(5) requires the Answers be signed by the person making the answer and signed by counsel for any objections raised therein. The Monroe County defendants filed the responses at issue (Docket Nos. 103-05) and also filed their supplemental responses (Docket Nos. 120-22). The Answers to Interrogatories by O'Flynn (Docket No. 104) and Pozzuolo (Docket No. 105) were not signed by the responding parties although they were

signed by defense counsel with the objections contained therein, as were the supplements to these Answers (see Docket Nos. 120-21).  These defendants do not address this technical omission.

This Court has ordered that an opponent sign Answers to Interrogatories within a date certain upon the movant's motion to compel, Howard v. United States, No. 09CV3, 2010 U.S. Dist. LEXIS 114901, at *2 (W.D.N.Y. Oct. 28, 2010) (Schroeder, Mag. J.), while another court ordered the opponent to file signed Answers or else waive objections to the Interrogatories, Stein v. Northern Assur. Co. of N. Am., No. CV 09-1029, 2009 U.S. Dist. LEXIS 92358, at *6 (E.D.N.Y. Oct. 5, 2009) (Tomlinson, Mag. J.).  Plaintiff's motion here are **granted** insofar as the Monroe County and Rochester defendants are to serve and file signed Answers to Interrogatories (including the Supplemental Answers) within **30 days** of entry of this Order or else have waiver of their objections.

IV.     Application–Rochester Defendants' Motions

A.      No. 115, Motion to Compel Rochester Defendants

Plaintiff's Interrogatories and the Rochester defendants' answers thereto are filed with this Court (Docket Nos. 71, 77-81, 111-14, 123).  For reasons stated above regarding the common defenses raised by both sets of defenses, plaintiff's motions is **denied**.  Furthermore, Lusk's Answers to her Interrogatories was dated, served, and filed on January 13, 2014 (Docket No. 123).  As stated above, the individual Rochester defendants are to serve and file signed Answers to Interrogatories within 30 days or have their objections be deemed waived.

B.      No. 116, Motion for Leave to Take Deposition by Remote Means

Plaintiff seeks to depose defendants, moving to compel the deposition of the Rochester defendants (Docket No. 116) and making reference to seeking similar deposition of the Monroe

County defendants (Docket No. 129, Pl. Decl. regarding Monroe County defendants ¶ 20

(Monroe County defendants "should agree to depositions of each of the county co-defendants")

but plaintiff has not formally moved to compel that deposition.  From the present record, it is not

clear that plaintiff has noticed the depositions of the Monroe County defendants, although

plaintiff's declaration states that "sufficient notice" of these depositions were given "numerous

occasions" (id.).  The deposition by inmate litigants pose logistical issues, especially if these

litigants are proceeding as poor persons.  The costs of a deposition (the fees for swearing the

oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of

setting up the recording) is usually borne by the party taking the deposition, even when that party

is proceeding pro se and granted in forma pauperis status.  Beckles v. Artuz, No. 01 Civ. 10016,

2005 U.S. Dist. LEXIS 4827, at *5 (S.D.N.Y. Mar. 25, 2005) (Pitman, Mag. J.); see also Milton,

supra, 2004 U.S. Dist. LEXIS 30023, at *3-4; Brown v. Carr, 236 F.R.D. 311, 313 (S.D. Tex.

2006) (pro se plaintiff seeking deposition to pay fees for subpoenaing witnesses, pay costs of

court reporter's services, and for transcription).  This Court has no funds to pay these costs and

the fact that the plaintiff may not have the funds does not provide a basis to shift these costs to

the defense, Beckles, supra, 2005 U.S. Dist. LEXIS 4827, at *5; see Milton, supra, 2004 U.S.

Dist. 30023, at *5-6 (denying motion for subsidy to pro se plaintiff to retain stenographer for

deposition).

　　　　In Beckles, Magistrate Judge Pitman granted the pro se plaintiff's motion to conduct the

deposition of inmate witnesses, but plaintiff was to produce a plan for conducting those

depositions, stating how they would be conducted (the mechanics of how they would be

recorded, who would produce the audio tape and tape recorder), who would pay for the

conference call, and who would administer the oath, with the Court informing plaintiff that he had to bear the costs to transcribe the audio recording, id. at *5-6.  Magistrate Judge Pitman also suggested that plaintiff could use deposition by written question under Rule 31 as a cheaper, easer alternative, id. at *6; see also Brown, 236 F.R.D. at 313 n.2 (party could use alternate means of written deposition or Interrogatories).

Plaintiff conducting a deposition from his facility as an incarcerated person also poses security issues, even if the examination is conducted remotely.  For example, getting plaintiff to a telephone for the remote examination will require the assistance and cooperation of the facility currently holding plaintiff, a non-party in this action.  While a brief telephone conference with the Court often can be arranged (as well as producing an incarcerated party for a civil trial), making a pro se inmate available to depose other witnesses or parties potentially for hours at a time may not be possible.

This Court in Milton v. Buffalo Engineering, P.C., granted the pro se plaintiff's request to hold his deposition of defendant's employees in the United States Courthouse, 2004 U.S. Dist. LEXIS 30023, at *4-5, allowing plaintiff to use a Court library conference room for that purpose, id.  The difference here is that the plaintiff in Milton was not incarcerated when he prosecuted his action and did not have the security issues attendant to an inmate attempting to conduct a similar proceeding in the Courthouse or by telephone from his facility.

Plaintiff here has the same alternatives as posed to the pro se litigants in Brown, supra, 236 F.R.D. at 312, 313, and Beckles, supra, 2005 U.S. Dist. LEXIS 4820, at *1, 3, 6; those being deposition by remote means at plaintiff's expense; written depositions under Rule 31; or further Interrogatories upon leave of this Court to allow them.  As noted above in the motion to compel,

18

plaintiff appears not to be satisfied with the answers given to Interrogatories already posed to the Rochester defendants. Further written questions (be they Interrogatories or written deposition questions) may not satisfy plaintiff, but those are the less expensive means (in money and effort) to secure this testimony. Written depositions also have the benefit (unlike Interrogatories) of not being limited to the number of questions that can be asked without leave of the Court; written depositions are only limited by the number of depositions that can be taken, Fed. R. Civ. P. 31(a)(2)(A)(I); cf. Fed. R. Civ. P. 30(a)(2)(A)(I) (limit in number of oral depositions).

Plaintiff's motion for a deposition is **granted in part, denied in part**. Plaintiff may have the deposition, but he must state the means by which it will be recorded under oath and such means are **at his expense**. Plaintiff has until **February 21, 2014**, to submit his purported plan. The Rochester defendants are not compelled to provide the means for recording sworn testimony at such an examination nor will this Court provide the means to record sworn testimony for these depositions. Plaintiff continues to have the alternative of Rule 31 written depositions if he so chooses.

V.      Recovery of Reasonable Motion Costs

Plaintiff in an earlier motion prevailed in compelling the Rochester defendants to produce and thus was entitled to seek recovery of his reasonable costs (duplicating and postage) under Rule 37 (Docket No. 98, Order of Oct. 30, 2013, at 7, 8). In prevailing at least in part in these present motions, plaintiff again is entitled to recover those costs related to these motions. But under Rule 37(a)(5)(C), where the movant only prevails in part and is denied in part, the "court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

Plaintiff again may apply for his reasonable motion costs for those motions in which he prevailed, and (given that the motions are directed at different sets of defendants) apportioned as to which defendants (or group of defendants–that is, the Rochester defendants or the Monroe County defendants) are responsible and to what extent.  Plaintiff's application is due within **seven (7) days** of entry of this Order.  Defendants may respond to this application within **fourteen (14) days** of entry of this Order.

VI.   Sixth Amended Schedule

Given the disposition of these motions and the fact that the Scheduling Order was held in abeyance while these motions were pending (see Docket No. 117), time should be given to complete discovery.  The schedule for this case (Docket No. 98, Fifth Amended Schedule, entered Oct. 30, 2013), therefore, is amended as follows:

Discovery to be completed by **April 11, 2014**;

Dispositive motions are due by **July 10, 2014**;

If no motions are filed, Status Report from the parties is due by **July 17, 2014**.  Status Conference before the undersigned will be held on **Wednesday, August 13, 2014, at 2 pm**, at the Genesee Courtroom, Robert Jackson United States Courthouse, Buffalo, New York.  Defense counsel shall assist the Court in making plaintiff available by telephone from the facility housing him; defense counsel may wish to contact the New York State Attorney General's office to facilitate this access.  Following that conference, notice will be given to Chief Judge Skretny that a Final Pretrial Conference and trial date will need to be set for this case.  If motions are filed, however, this Status Report and Status Conference are canceled.

CONCLUSION

For the reasons stated above, plaintiff's motions are decided as follows: plaintiff's motion to compel from Monroe County defendants (Docket No. 108) is **denied in part, granted in part**, granted solely in requiring the signatures for Answers to Interrogatories by individual Monroe County and defendants and denied on most other grounds.  Plaintiff's Interrogatories regarding defendant O'Flynn's personal assets relevant to plaintiff's punitive damage claim is **deferred** until it is clear that O'Flynn would be liable for such damages and otherwise **denied**.  His motion to compel from the Rochester defendants (Docket No. 115) is **denied in part, granted in part**; granted only insofar as requiring these defendants to sign their Answers to Interrogatories.

Plaintiff's motion to depose the Rochester defendants upon the terms requested (Docket No. 116) is **granted in part, denied in part**, as discussed in this Order.  If plaintiff intends to conduct oral depositions of the Rochester defendants, he must serve and file a plan (by **February 21, 2014**) on how these examinations would be conducted; before whom which oath taking officer does plaintiff intend to conduct these examinations; how does he intend to record and transcribe these examinations; what arrangements does he propose to remotely conduct these examinations from is current facility; and describe other arrangements necessary for these examinations to go forward.  Neither defendants nor this Court will bear the costs for such examinations.

As a result of prevailing in some respect in his discovery motions, plaintiff may submit an apportioned application to recover his reasonable motion expenses for these motions and for his prior motion against the Rochester defendants (Docket Nos. 87 (motion), 98 (Order)) within **seven (7) days** of entry of this Order and defendants may respond to this costs application within

21

**fourteen (14) days** of entry of this Order.  This apportionment shall distinguish by group of

defendants and motions for which plaintiff obtained relief.

The Scheduling Order (Docket No. 98) is amended as stated above in this Order.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 28, 2014