UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

        Plaintiff,

v.

**DECISION AND ORDER**
11-CV-712S

MONROE COUNTY, *et al.*,

        Defendants.

There are two sets of defendants in this case – those affiliated with the City of Rochester (and thus referred to throughout these proceedings as the "Rochester Defendants") and those affiliated with the County of Monroe (or the "Monroe Defendants"). At different times, both have filed motions for judgment on the pleadings. And both motions have ultimately been granted in part and denied in part.

The Monroe Defendants' motion was resolved by way of Decision and Order on August 16, 2013. Thereafter, on October 2, 2013, Magistrate Judge Hugh B. Scott issued a Report and Recommendation advising this Court to grant in part and deny in part the Rochester Defendants' motion for judgment on the pleadings. As relevant here, Judge Scott advised this Court to dismiss Plaintiff's claim for punitive damages and dismiss the individual Rochester Defendants on the ground that they are protected by the doctrine of qualified immunity. This Court subsequently accepted that Report and Recommendation on April 30, 2014. (See Docket No. 173.)

Since then, Plaintiff, who had been proceeding *pro se*, was assigned counsel. And,

on June 27, 2014, Plaintiff, now with the assistance of counsel, moved for reconsideration of that part of the April 30, 2014 Order concerning punitive damages and qualified immunity.[1]

In the reconsideration motion, however, Plaintiff conflates the two separate motions (Docket Nos. 25 and 68) made by the two separate sets of defendants. Plaintiff writes in his motion that "[o]n October 5, 2012, the individual Monroe County defendants made a motion for judgment on the pleadings, seeking dismissal based on qualified immunity grounds." (Krajewski Decl., ¶ 14.) That is partly accurate: Monroe County and its Sheriff, Patrick O'Flynn, did file a motion for judgment on the pleadings on October 5, 2012. But the motion was not grounded in qualified immunity. And most importantly, this Court *denied* that motion, finding unpersuasive the argument that those defendants *did* raise. (See Decision and Order; Docket No. 73) ("Interpreting pro se Plaintiff's second amended complaint to raise the strongest argument it suggests, and construing it liberally while drawing all reasonable inferences in his favor, it becomes clear that Plaintiff has sufficiently met – at the least – the first prong of his claim. Because it is only this prong against which Monroe County and Sheriff O'Flynn move, their motion will be denied.") (internal citations omitted).[2]

Plaintiff, working under the impression that individual officer-defendants from both municipalities were dismissed on qualified-immunity grounds, goes on to argue that this

---

[1] Judge Scott granted Plaintiff until that date, June 27, 2014, to file a motion for reconsideration.

[2] This Court partially granted the motion only with respect to claims for violations of the New York Constitution because "there is no private right of action under the New York State Constitution for claims that are remediable under Section 1983 or other state laws." (Decision and Order, at 7.)

(partly imagined) ruling was in error and that both sets of defendants ought to be reinstated. Plaintiff also generally seeks reinstatement of his claim for punitive damages. But only the individual Rochester defendants were dismissed on qualified-immunity grounds, and Plaintiff's claim for punitive damages was dismissed only as against the Rochester Defendants. Indeed, it was only the Rochester Defendants who argued that they were entitled to qualified immunity, and it was likewise only those defendants who moved to dismiss Plaintiff's punitive-damages claim. This Court can therefore consider the motion for reconsideration only as it pertains to the Rochester Defendants.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transport, Inc., 70 F.3d 255, 257 (2d Cir.1995). A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided." Id.

This Court – as well as Judge Scott – has already fully considered the issues regarding punitive damages and qualified immunity. Plaintiff's most recent motion presents no reason to revisit those rulings. His reliance on the difficulties regarding discovery is speculative and especially misguided. He argues that his "attempts to overcome the individual defendants' qualified immunity and restore the possibility of punitive damages is difficult due to the lack of discovery produced by defendants." (Pl. Br. at 16;[3] Docket No. 179.) But a motion for judgment on the pleadings is decided, as the name suggests, based

---

[3]Plaintiff's brief in support of his motion for reconsideration is unpaginated. The referenced page number is the docket page number.

on the allegations in the complaint – not evidence that discovery may bear. See, e.g., Keywell L.L.C. v. Pavilion Bldg. Installation Sys., Ltd., 861 F. Supp. 2d 120, 127 (W.D.N.Y. 2012) (citing Sira v. Morton, 380 F.3d 57, 66–67 (2d Cir. 2004)) ("[A] motion for judgment on the pleadings must be based upon the pleadings, and not on additional evidence submitted by any party."). Accordingly, the motion for reconsideration is denied.

****

IT HEREBY IS ORDERED, that Plaintiff's motion for reconsideration (Docket No. 179), as it pertains to dispositive relief, is DENIED.[4]

SO ORDERED.

Dated:   July 25, 2014
        Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    Chief Judge
    United States District Court

---

[4] Other aspects of the motion, pertaining to non-dispositive, discovery-related relief, will be addressed by Judge Scott.