UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

                            Plaintiff,

                                                      **Hon. Hugh B. Scott**

                                                      11CV712S

                         v.

                                                      **Order**

KELLY LUSK, et al.,

                            Defendants.

Before the Court is plaintiff's motion seeking various forms of relief (Docket No. 179[1]). Pertinent to this Court (see Docket No. 182), plaintiff (now represented by counsel, see Docket Nos. 172, 178) moves for leave to serve additional Interrogatories and discovery demands and to compel defendants to produce materials related to his August 5, 2010, arrest (in particular Grand Jury materials) (Docket No. 179; see also Docket No. 184, Order of July 29, 2014, at 4 n.4).[2]

Plaintiff also moved for reconsideration of the dismissal of individual defendants and his punitive damages claim (Docket No. 179). Since those claims were ultimately decided by Chief Judge Skretny (Docket Nos. 73 (Order on Monroe County defendants' motion for judgment on

---

[1] In support of this motion, plaintiff submits his attorney's Declaration with exhibits, Memorandum of Law, Docket No. 179; his attorney's Reply Declaration, Docket No. 183. In response, the Monroe County defendants (as described below in note 2) submit their attorney's Declaration, Docket No. 181. The Rochester defendants did not respond or join in the response of the Monroe County defendants.

[2] From prior decisions in this case, this Court has considered defendants in two groups, the Rochester defendants (the City of Rochester, its Police Department, officers Kelly Lusk, Anthony Mazurkiewski, and Dempsey) and the Monroe County defendants (the County, Sheriff Patrick O'Flynn, and Deputy Richard Pozzuolo), based upon the employer or municipal party involved, e.g., Docket No. 131, Order of Jan. 28, 2014, at 1 nn.1, 2.

pleadings), 173 (Order on Rochester defendants' motion for judgment on pleadings); see also Docket Nos. 89 (Report & Recommendation regarding Rochester defendants' motion), 38 (Report regarding Monroe County defendants' motion)), this Court will only address the discovery relief now sought by plaintiff (Docket No. 182; see also Docket No. 184, Order of July 29, 2014, at 4 n.4). Separately, Chief Judge Skretny denied the reconsideration motion (Docket No. 184).

Responses to plaintiff's pending discovery motions were due by July 18, 2014, with replies due by July 25, 2014, and the motion deemed submitted as of the latter date (Docket No. 180).

## BACKGROUND

This is a civil rights action, formerly commenced pro se by an incarcerated plaintiff, alleging violations of his constitutional rights in illegally stopping, searching, and arresting plaintiff on August 5, 2010, during a prostitution sting operation conducted in Rochester, New York (Docket No. 1, Compl.; see also, e.g., Docket No. 38, Report & Rec. of Jan. 30, 2013, at 2). He claims that he was solicited by two undercover Rochester police officers posing as prostitutes and that they entrapped him. During the booking following his arrest, he claims that Monroe County Sheriff's Department personnel planted drugs on him to allege a false drug possession charge.

Plaintiff filed his First Amended Complaint (Docket No. 8) and moved to proceed as a poor person (Docket No. 2), which was granted but with this Court dismissing certain claims and parties (Docket No. 9). Plaintiff later filed a (second) Amended Complaint (Docket No. 12), which defendants separately answered (Docket Nos. 14, Answer of Rochester Defs., 21, Answer

2

of Monroe County Defs.). The Monroe County defendants moved for judgment on the pleadings (Docket No. 25) as later did the Rochester defendants (Docket No. 68). As discussed above, these motions were granted in part, denied in part by Chief Judge Skretny (Docket Nos. 73, 173). Plaintiff moved to amend the Complaint yet again to name certain Jane Doe and John Doe defendants (Docket No. 66) which was granted (Docket No. 89). The current amended Scheduling Order (Docket No. 177) has discovery concluded by September 30, 2014.

Plaintiff conducted the bulk of this case pro se as an inmate, including engaging in extensive motion practice to obtain discovery (see Docket No. 183, Pl. Atty. Reply Decl. ¶¶ 4-5, 7). Familiarity with these proceedings is presumed. He made a series of pro se motions to compel initial disclosure and discovery from defendants (e.g., Docket Nos. 47, 50, 55, 63, 70, 87, 161, 167, 169; see also, e.g., Docket No. 98, Order of Oct. 30, 2013, at 3-4) as well as for appointment of counsel (Docket Nos. 165, 166). Counsel was appointed for plaintiff (Docket No. 170) and the last round of motions to compel (Docket Nos. 167, 169) was terminated without prejudice to renewal (Docket No. 176). Plaintiff's counsel argues that defendants failed to respond to plaintiff's previous demands and Interrogatories (Docket No. 183, Pl. Atty. Reply Decl. ¶¶ 5, 8, 13, 15).

*Plaintiff's Represented Motion to Compel*

In addition to seeking reconsideration of dismissal of individual defendants and certain claims (not addressed in this Order), plaintiff seeks leave to serve additional Interrogatories and discovery demands since defendants had failed to fully provide previously requested material and, now with counsel, plaintiff seeks discovery that may lead to new information that may support his claims (Docket No. 179, Pl. Atty. Decl. ¶ 40; Docket No. 179, Pl. Memo. at 6th

3

unnumbered page). With the appointment of counsel, plaintiff argues that he should be given a chance to serve refined Interrogatories and document requests than previously served pro se discovery (Docket No. 179, Pl. Memo. at 6th unnumbered page). If left to plaintiff's current discovery requests, he concludes it would lead to Court intervention to resolve issues of defendants' non-responsiveness (id.). Plaintiff did not submit his proposed new discovery demands or specify which defendants would be required to address the new discovery, but the new discovery would be focused and tailored to each defendant (id. at 6th to 7th unnumbered pages). The further discovery could be responded to within the current discovery deadline of September 30, 2014 (id. at 7th unnumbered page). He later claimed that his Interrogatories would not be cumulative to earlier requests (Docket No. 183, Pl. Atty. Reply Decl. ¶ 9).

He also seeks to compel defendants to produce all materials related to his arrest, investigation, and the Grand Jury hearing of the August 5, 2010, arrest (Docket No. 179, Pl. Atty. Decl. ¶ 41), arguing that plaintiff's need for the material in this action outweighs the secrecy and security normally accorded Grand Jury proceedings (id. ¶ 42). Under Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222-23 (1979), a party may have access to Grand Jury testimony after showing the material must be necessary to stop injustice in another judicial proceeding; the need for disclosure must be greater than the need for secrecy; and the request is structured only to cover the materials needed (Docket No. 179, Pl. Memo. at 7th unnumbered page). As for the first prong, plaintiff argues that the Grand Jury testimony is central to his claim, since the Grand Jury did not indict him and the testimony from the officers before the Grand Jury directly relate to the events of August 5, 2010 (id. at 7th-8th unnumbered pages). As for the second prong, he contends that the discovery from defendants has been "bare

bones," hence the Grand Jury testimony is essential to vindicate his claims (id. at 8th unnumbered page). The Government (or defendants) have no need to protect the identity of Grand Jury witnesses, thus plaintiff concludes that the usual secrecy of Grand Jury proceedings is not necessary here (id.). As for the final prong, plaintiff would agree to in camera inspection of the Grand Jury materials and a limited production to him to preserve Grand Jury secrecy (id. at 9th unnumbered page), see In re John Doe, Inc., 13 F.3d 633, 636 (2d Cir. 1994).

The Monroe County defendants respond that they complied with plaintiff's pro se Interrogatories and supplemented their answers (Docket No. 181, Monroe County Defs. Atty. Decl. ¶ 14). The Interrogatories submitted to date also exceed the total allowed under Federal Rule of Civil Procedure 33(a)(1) (unless otherwise stipulated or ordered by the Court, party may serve up to 25 Interrogatories including discrete subparts) (id. ¶ 15). They argued that plaintiff has not shown necessity for the additional Interrogatories (id. ¶ 16) and that the refinement proposed would produce cumulative information (id. ¶ 19).

After recounting the discovery history and whether the Monroe County defendants were required to produce when plaintiff first served and moved to compel (id. ¶¶ 22-27), these defendants responded that they have not been recalcitrant (id. ¶ 28). They note that the latest discovery demand was against the Rochester defendants only (id. ¶ 29; see Docket Nos. 136-40, Requests for Production to individual Rochester defendants). They believe that they did not have the arrest materials and believed them to be sealed (id. ¶ 31).

The Rochester defendants did not file a timely response.

In reply, plaintiff also notes his pro se and represented attempts to obtain this discovery despite formal certification (Docket No. 183, Pl. Atty. Reply Decl. ¶¶ 14-16).

DISCUSSION

I.      Applicable Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B). Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

II.     Additional Interrogatories and Discovery

Now represented by counsel, plaintiff seeks to ask additional Interrogatories and discovery beyond those posed when he proceeded pro se (Docket No. 179). This Court notes

that the extensive procedural history here has mostly consisted of plaintiff's efforts to obtain discovery from both sets of defendants.

   A.  Interrogatories

To address this part of plaintiff's motion, a brief review of the discovery propounded and answered needs to be considered.  While pro se, plaintiff served a series of Interrogatories upon the Rochester defendants and the Monroe County defendants individually and collectively, as well as upon all police officers in the Rochester Police Department (Docket Nos. 71, 77-81, 84-85; see also Docket Nos. 103-05, 111-14, 120-23, Answers to plaintiff's pro se Interrogatories).  Many of the filed Interrogatories were repetitive, but plaintiff asked 21 Interrogatories (one with 10 subparts) to the individual Rochester defendants and 19 to 22 Interrogatories to the Monroe County defendants.

One reason for appointment of counsel here was to assist plaintiff in conducting discovery.  Refined questions posed by counsel, provided that they are not cumulative to questions already asked and answered, would assist in moving this case to a resolution.  Plaintiff has shown good faith efforts in resolving his discovery issues leading to the present motion.  Plaintiff's motion (Docket No. 179) for defendants to answer additional Interrogatories is **granted**.

   B.  Document Production

Similarly, document production to plaintiff pro se has been resisted or sporadic.  Now with counsel, plaintiff is given leave to seek additional, non-cumulative, requests of documents.  Plaintiff's motion on this issue (id.) is **granted**.  Defendants may note where responses were

previously provided to plaintiff's compelled requests and plaintiff may reply as to deficiencies in previous production.

III.     Compel Production of August 2010 Arrest Materials

Plaintiff next seeks production of the arrest materials, including Grand Jury materials relative to his August 5, 2010, arrest (Docket No. 179). Applying the standards used for federal Grand Jury materials, a party seeking Grand Jury materials has the burden of showing that its claim would be greatly prejudiced or without reference to that material an injustice would be done, Douglas Oil, supra, 441 U.S. at 221, 222; see United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958). The showing of need must be with particularity and the lifting of secrecy must be done "discretely and limitedly," Proctor & Gamble, supra, 356 U.S. at 683; Douglas Oil, supra, 441 U.S. at 221. Disclosure of Grand Jury materials "is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party [here, plaintiff] seeking disclosure," Douglas Oil, supra, 441 U.S. at 223. Additionally, since the materials are from a New York State Grand Jury, New York Criminal Procedure Law § 190.25(4)(a) makes Grand Jury proceedings secret, only subject to disclosure pursuant to a Court Order. Plaintiff thus would need to first seek an Order from the state court that supervised the Grand Jury, here the New York Supreme Court, Monroe County, due to concerns of comity and retention of state control over the secrecy of grand jury proceedings, Ruther v. Boyle, 879 F. Supp. 247, 250 (E.D.N.Y. 1995); People v. Quigley, 59 A.D.2d 825, 826, 399 N.Y.S.2d 734, 735 (4th Dep't 1977) (disclosure under § 190.25 requires order of the court in charge of the Grand Jury); Hawks v. Diina, No. 05CV156, 2006 US. Dist. LEXIS 82166, at *3-4 (W.D.N.Y. Nov. 9, 2006) (Scott,

Mag. J.). Barring such an application to the pertinent state court, plaintiff is not entitled to production of Grand Jury transcripts. Plaintiff also has not established the balance of his need (essentially to show that the Grand Jury concluded that there was insufficient evidence to charge him) to overcome societal need for Grand Jury secrecy. Therefore, this request (Docket No. 179) is **denied**.

But plaintiff also asked for production of materials surrounding his August 2010 arrest that are not Grand Jury materials. Absent arguments of Grand Jury confidentiality, if defendants have the arrest materials in their possession, custody, or control, see Fed. R. Civ. P. 34(a)(1), they should be produced. Plaintiff's motion as to the non-Grand Jury materials (Docket No. 179) is **granted**.

IV.     Recovery of Reasonable Motion Costs

In prevailing at least in part in that portion of his present discovery motion, plaintiff is entitled to recover those costs related to this motion, but he is not entitled to recover costs for the non-discovery relief sought. But under Rule 37(a)(5)(C), where the movant only prevails in part and is denied in part, the "court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Plaintiff may apply for his reasonable motion costs in which he prevailed (the Interrogatories and non-Grand Jury document production), and apportioned the costs of the prevailing issues from the non-prevailing (that is, not accounting for the cost in moving to produce Grand Jury materials). Plaintiff's application is due within **seven (7) days** of entry of this Order. Defendants may respond to this application (including whether costs are applicable) within **fourteen (14) days** of entry of this Order. All parties also should address whether defendants

and or their counsel are responsible for the award of motion costs, as well as which defendants are responsible.

## CONCLUSION

For the reasons stated above, so much of plaintiff's remaining (<u>cf.</u> Docket No. 184) motion (Docket No. 179) for leave to serve additional Interrogatories and discovery demands is **granted** and his motion to compel defendants to produce his arrest materials and Grand Jury materials from August 5, 2010 is **granted in part, denied in part** (specifically, denying production of the Grand Jury materials while granting production of other arrest materials). Plaintiff may submit his application to recover his reasonable motion costs for so much of his prevailing discovery motion within **seven (7) days** of entry of this Order; defendants may respond to this application (including objections to imposition of motion costs) within **fourteen (14) days** of entry of this Order and any application will be deemed submitted **fourteen (14) days** of entry of this Order.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 5, 2014