UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

QUINTIN A. NOWLIN,

                           Plaintiff,                         **Hon. Hugh B. Scott**

                                                    11CV712S

                       v.                                 **Order**

KELLEY LUSK et al.,

                           Defendants.

---

Before the Court is plaintiff's application to recover his reasonable motion expenses (Docket No. 186)[1], following prevailing in part on his motion (Docket No. 179; cf. Docket No. 184, Order of July 29, 2014) to compel (Docket No. 185, Order of Aug. 5, 2014). This fee application was due within seven days of entry of the August 5, 2014, Order (or by August 12, 2014), with timely responses due within fourteen days of entry of that Order (or by August 19, 2014) (Docket No. 185, Order of Aug. 5, 2014, at 9-10). After the response was filed, plaintiff was given leave to file his reply by August 29, 2014 (Docket No. 188), and the matter was deemed submitted as of that date.

---

[1]In support of his application, plaintiff submits his attorney's Declaration, Docket No. 186 (Declaration of Shea Kolar), with Exhibit A (contemporaneous time records); his Memorandum of Law, id.; his attorney's Reply Declaration, Docket No. 189 (Declaration of Kenneth Krajewski). In response, the Monroe County defendants submit their attorney's Declaration, Docket No. 187. There was no response from the Rochester defendants.
    The parties are presumed to be familiar with the designation of "Monroe County defendants" and "Rochester defendants" from prior proceedings in this case, as well as the Order regarding the latest round of discovery in this case, Docket No. 185.

## BACKGROUND

This is a civil rights action, formerly commenced pro se by an incarcerated plaintiff but now prosecuted by counsel appointed by this Court (Docket No. 170).  Plaintiff through counsel sought leave to serve additional Interrogatories and discovery demands from defendants (Docket No. 179), without distinction between the Monroe County defendants or the Rochester defendants.  The Monroe County defendants only responded while the Rochester defendants did not respond or join in the County's response (Docket No. 181; see Docket No. 185, Order of Aug. 5, 2014, at 1 n.1, 5).  That motion was granted, to allow plaintiff to serve additional discovery and Interrogatories (Docket No. 185, Order of Aug. 5, 2014, at 6-8) and certain arrest materials from plaintiff's August 5, 2010, arrest (id. at 8), but denied in producing Grand Jury materials (id. at 8-9).

Since plaintiff partially prevailed in his motion to compel, under Rule 37(a)(5)(C), this Court may apportion the reasonable motion expenses (id. at 9).  Plaintiff was given leave to apply to recover his reasonable motion expenses for the relief he prevailed in, and all parties were to address apportioning liability among the defendants and their counsel (id. at 9-10).

*Plaintiff's Fee Application*

Plaintiff seeks to recover motion expenses totaling $3,663.00 to be divided equally between the defendants (Docket No. 186, Kolar Decl. ¶¶ 5, 6).  The attorney's time was entirely incurred by Shea Kolar, at a rate of $180 per hour for prevailing arguments and a reduced rate of $90 per hour for unsuccessful arguments where those could not be separated from prevailing arguments.  Plaintiff also discounted services that were not related to prevailing arguments.  (Docket No. 186, Pl. Memo. at 2).  According to plaintiff's calculations, Kolar worked 9.8 hours

2

on prevailing issues, for a total of $1,764.00 at the full $180 per hour rate, and 21.1 hours on other issues, for a total of $1,899.00, at the reduced $90 per hour rate (id. at 2). Kolar does not state his level of experience to justify the $180 per hour rate, although he was admitted to practice before this Court in May of this year.

The Rochester defendants did not respond. The Monroe County defendants argue that other circumstances make an award (or a full award) of expenses unjust against them (Docket No. 187, Monroe County Defs. Atty. Decl. ¶ 4). The Monroe County defendants note that of the ten previous motions by plaintiff to compel; only two were addressed to the Monroe County defendants (id. ¶¶ 8, 9). They dispute plaintiff's characterization that "'time and time again'" that they "'neglected' to provide discovery responses" (id. ¶ 10). The Monroe County defendants seek to distinguish themselves from the Rochester defendants (id. ¶ 11). They also argue that they were justified in opposing the additional number of Interrogatories since they exceeded the limits within the Federal Rules (id. ¶ 12). They argue that plaintiff's need for additional Interrogatories arose from the then-pro se plaintiff and his "inadequate" Interrogatories (id. ¶ 13). They also object to time plaintiff claims for reviewing the docket, in particular time plaintiff's counsel was becoming acquainted with the file (id. ¶ 15). The Monroe County defendants conclude that imposing any expense award upon them would be unjust (id. ¶ 16) or diminished in proportion to the Rochester defendants' responsibility (id. at page 4, "Wherefore" Cl. ¶ C).

Plaintiff replies that the fee request was reasonably and necessarily incurred in representing plaintiff (Docket No. 189, Krajewski Decl. ¶ 3). The initial file review (to which the Monroe County defendants object) was done in preparation of the motion for leave to serve

3

additional discovery (id. ¶ 5).  Resting upon this Court's decision that further Interrogatories were necessary, plaintiff concludes that his additional discovery propounded by counsel was necessary (id.¶ 6).  He states that this need would not have arisen if the earlier discovery responses by defendants (including the Monroe County defendants) were adequate (id. ¶ 7).

DISCUSSION

I.      Standard

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(5)(A).  Where, as here, there is partial recovery, this Court must apportion the expenses to determine what is reasonable for each party, see Fed. R. Civ. P. 37(a)(5)(C).  The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve the discovery issue without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust.  Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record.  Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).  The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all.  "If the court determines to award expenses and fees, it is for the court to decide what amount is proper."  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v.

Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988 using lodestar method), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred.  In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.  The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates.  7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Application

Plaintiff here is not claiming expenses other than attorney's fees incurred in making this motion.  Defendants do not object to the rate or the rough apportionment of 50% for services

5

with mixed issues for which plaintiff prevailed and for which he did not.  They object to the time

expended by plaintiff's counsel getting familiar with the file, a total of 15.9 hours incurred in

May and June 20, 2014 for a total of $1,548.00 at both rates (see Docket No. 186, Kolar Decl.,

Ex. A), roughly half of plaintiff's present claim.

 File review by plaintiff's new counsel was essential to determine, first, if further

discovery was necessary; second, what issues remain outstanding from plaintiff as pro se

demanded (potentially to be sought in a motion to compel or pursuing then pending motions to

compel); third, which Orders to compel were complied with, before seeking leave to reopen

discovery.  Certain open discovery matters, such as the means for plaintiff to depose witnesses

while incarcerated, were raised in motions to compel when counsel was appointed.  As

previously stated (see Docket No. 185, Order of Aug. 5, 2014, at 7), appointment of counsel was

to assist plaintiff in conducting and completing his discovery.  Upon that appointment, the

review of the docket and the determination of what discovery was needed justify the motion

expense when defendants failed to accede to further discovery.

 The Monroe County defendants alternatively argue that they were within their rights to

insist that the maximum number of Interrogatories were already asked by plaintiff and not agree

to more (see Docket No. 187, Monroe County Defs. Atty. Decl. 13), although those numbers

were reached while plaintiff was pro se.  But with the appointment of counsel, defendants should

have known that discovery would be reopened and, where limits under the rules needed to be

exceeded, that leave for such relief would be sought.

 Recovery of plaintiff's expenses here is justified.  The full amount claimed, $3,663.00, is

a reasonable amount.  The next issue is which party will pay this expense.

III.    Apportionment of Liability among Parties and Counsel

  A.  Liability of Group of Defendants

        This case presents two levels of apportionment of the expense award.  First, this Court

must apportion between the Monroe County defendants and the Rochester defendants as a group.

There is no indication that any particular defendant within either group is more liable for the

discovery produced in this action.  Also, as a practical matter, any award imposed here would be

indemnified by the municipal parties within these defense groups.  Hence, this Court will

consider the groups.

        The Monroe County defendants alternatively argue that, if at all liable, they are

responsible only for a fraction of plaintiff's motion expenses and that Rochester defendants are

responsible for their share (Docket No. 187, Monroe County Defs. Atty. Decl. at page 4,

"Wherefore" Cl. ¶ C)).  The Monroe County defendants imply that the Rochester defendants are

liable for more than half of the expenses, but do not state a proportion or an amount the

Rochester defendants owe.  Plaintiff merely argues that each group of defendants is equally

liable (see Docket No. 186, Kolar Decl. ¶ 5).  Again, the Rochester defendants have not

responded to this motion or fee application.

        With this guidance from the parties, this Court has to apportion the parties' liability.

While the Monroe County defendants point to the procedural history and plaintiff's focus on the

Rochester defendants in his motions, most of those motions were filed when the Monroe County

defendants had pending their motion for judgment on the pleadings and had successfully stayed

discovery from them.  When the County's dispositive motion was disposed of and claims

remained, discovery resumed from those defendants.  Both sets of defendants then responded to

plaintiff's <u>pro se</u> demands raising various objections and making limited answers.  But the issue is attributing liability after plaintiff had counsel.

On the scant record before this Court, the most equitable method would to **equally apportion liability between the Rochester defendants and the Monroe County defendants**. The Rochester defendants' silence for this motion and fee application should not be the basis for imposing most of the responsibility on them.  No party presents any other apportionment, save equal division by plaintiff or no liability by the Monroe County defendants.  Absent anything more that would suggest a different proportion, equal division among the defendant groups is appropriate here.

B.  Liability of Attorneys and Clients

The second apportionment is between the clients and their counsel, as countenanced by Rule 37(a)(5) attributing liability between the party and its counsel, <u>see</u> Fed. R. Civ. P. 37(a)(5)(A).  No party has addressed whether counsel or the clients are more responsible.  The record here does not indicate that the attorneys acted to compel this motion practice rather than the clients or vice versa.  Again, since counsel are also employees of the municipalities they represent, any award imposed against them would be paid by the municipal clients.  Thus, the award of plaintiff's expenses will be attributed to the clients.

CONCLUSION

For the reasons stated above, plaintiff's application (Docket No. 186) to recover his motion expenses is **granted**.  Plaintiff's claim of $3,663.00 is a reasonable expense.  The Monroe County defendants and the Rochester defendants are equally liable for these expenses, and not their respective counsel.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        October 16, 2014

9