UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINTIN A. NOWLIN,

                Plaintiff,

v.                                            **DECISION AND ORDER**
                                                      11-CV-712S

KELLEY LUSK et al.,

                Defendants.

        1.     Presently before this Court are the objections of the Monroe County Defendants and the City of Rochester Defendants from the October 16, 2014 order of Magistrate Judge Scott awarding Plaintiff $3,663.00 in motion expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(C). Where, as here, all non-dispositive pretrial matters in a case have been referred to a magistrate judge for hearing and disposition, the magistrate judge's order on such a pretrial matter will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990), *cert denied*, 498 U.S. 846 (1990). This is a highly deferential standard that affords broad discretion to magistrate judges in resolving discovery disputes. See Koumoulis v. Independent Fin. Mktg. Group, 29 F. Supp. 3d 142, 145 (E.D.N.Y. 2014). As such, this Court will set aside or modify Judge Scott's order in this case only if it finds that the order is clearly erroneous or contrary to law,

        2.     The Rochester City Defendants, having failed to oppose the motion before Judge Scott, now raise their substantive arguments for the first time on this appeal.

1

Generally, however, district courts will not consider arguments not raised before the magistrate judge, as to do so would undermine the authority of the magistrate judge and the purpose of the referral. See Smith v. County of Nassau, No. 10-CV-4874 (MKB), 2015 WL 1507767, *9 n.12 (E.D.N.Y. Mar. 31, 2015); Storms v. United States, No. 13-CV-0811 (MKB), 2014 WL 3547016, *4 (E.D.N.Y. July 16, 2014). Defendants' excusable neglect argument is more appropriately raised in a motion for reconsideration before Judge Scott. See Fed. R. Civ. P. 60 (b)(2).

3. Similarly, the Monroe County Defendants' argument that an award of fees is improper where Plaintiff failed to confer with counsel regarding the discovery demand is untimely raised for the first time in the reply papers on this appeal. Storms, 2014 WL 3547016 at *4. In any event, the prior finding by the Magistrate Judge regarding the failure to confer, on which these Defendants rely (see Rulison Decl ¶ 5), relates to an earlier discovery motion filed by the Plaintiff *pro se* prior to obtaining counsel, not the motion underlying the present fee award. (see Docket Nos. 131, 179, 185.)

4. With respect to those issues that are timely raised here, "[a] court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding." Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." CFTC v. Standard Forex, 882 F. Supp. 40, 42 (E.D.N.Y. 1995). Having reviewed that Magistrate Judge's analysis, this Court finds no clear error with Judge Scott's conclusions regarding either the amount of or the apportionment of the attorney's fees award.

IT HEREBY IS ORDERED that the Defendants' objections from Judge Scott's October 16, 2014 Order [193, 195] are DENIED.

SO ORDERED.

Dated: June 2, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge
