QUINTIN A. NOWLIN,

PLAINTIFF,

vs.

KELLEY LUSK, ANTHONY MAZURKIEWICZ, DEMPSEY ROC2122, KENNETH CONGIGLIO, JR., ROCHESTER POLICE OFFICERS, RICHARD POZZOULO , ET AL.

DEFENDANTS.

**REPLY MEMORANDUM OF LAW TO PLAINTIFF'S CROSS-CLAIM**

CASE NO. 1:11-cv-00712-WMS-MJR

Defendants, City of Rochester, and named City Defendants, by their attorneys Brian F. Curran, Corporation Counsel, Spencer L. Ash, Esq., *of Counsel*, respectfully submit this Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

## I.    CITY DEFENDANTS HAD PROBABLE CAUSE TO ARREST THE PLAINTIFF

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991); *Lennon v. Miller,* 66 F.3d 416, 423 (2d Cir. 1995). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest," whether that action is brought under state law or under § 1983. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." S*inger v. Fulton County Sheriff*, 63 F.3d at 118.

The Second Circuit held that probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information sufficient to warrant a reasonable person to believe the person being arrested has committed a crime. *Weyant v. Okst*, 101 F. 3d 845, 852 (2d Cir. 1996); *Shain v. Ellison*, 273 F. 3d 56, 67 (2d Cir. 2001); *Ricciuti v. New York City Transit Auth*., 124 F. 3d 123, 128 (2d Cir. 1997). Although an arrest cannot be based on a mere hunch, *United States v. Patrick*, 899 F.2d 169, 174 (2d Cir. 1990), "a probable cause determination does

not require proof beyond a reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." *Hahn v. County of Otsego*, 820 F. Supp. 54, 55 (N.D.N.Y. 1993), *aff'd*, 52 F.3d 310 (2d Cir. 1995). "In fact, the eventual disposition of the criminal charges is irrelevant to the probable cause determination." *Hahn*, 820 F. Supp. at 55 (citing *Pierson v. Ray*, 386 U.S. 547, 555, 87 S. Ct. 1213 (1967). Thus, if in the exercise of reasonable caution, the Defendants were warranted in believing that Warr had committed or was in fact committing the crime of disorderly conduct, his false arrest claim cannot stand. *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d. Cir. 1999).

A competing narratives alone does not defeat summary judgment with respect to false arrest claims. In *Hernandez v. City of Rochester*, 260 F. Supp 2d 599 (W.D.N.Y, 2003), Rochester Police Department Officers were conducting an undercover drug operation near the intersection of Bay and Rohr streets, a hotbed of drug activity. Two undercover Officers observed the plaintiff standing with a group of people near a grocery story (bodega), and witnessed several individuals approach a suspected drug dealer, whom Plaintiff was with at the time of his arrest. Officers observed several suspected drug deals while Plaintiff was present, although the Officers were too far away to observe precisely what was exchanged. Based on their observations, the Officers decided to arrest the drug dealer, who suddenly crossed the street with the Plaintiff as Officers approached. Plaintiff was arrested for Loitering in the First Degree but no drugs were found on his person. Plaintiff adamantly alleged he was merely walking with an acquaintance when Officers arrested him.

The Western District granted summary judgment for Defendants as to the false arrest charge. Even though Plaintiff and Defendants accounts varied greatly, the Court credited the Officer's knowledge of the area's rampant drug activity, and the officer's observation of the Plaintiff's activities prior to arrest, which was consistent with street drug dealing. The Court made it clear that probable cause is determined by the facts known to officers, not a plaintiff's innocent explanation of those actions.

Much like Hernandez, Nowlin's arrest was based on reasonable inference of criminal conduct based on Officers' observations. Plaintiff pulled his vehicle over in a well-known

prostitution district, and engaged two female officers posing as prostitutes in a conversation that involved sex for money. After Officers had proposed sex for money, Nowlin traveled to Rockview Terrace, where Officers told him to meet them. Plaintiff was in fact arrested when he pulled into the agreed upon area. No reasonable jury can find that under these circumstances, observed by Officers, that they lacked a reasonable belief that Nowlin was a "John" trolling Lyell Avenue and intended to have sex for money. Nowlin claims he stopped to talk to the Officer because he thought they needed help, though he admits they never asked for help. He also admits asking them if they were police officers, and engaging in discussion about sex for money. He also admits driving in the general direction of where officers asked to be picked up. Under these facts, probable cause should be found as a matter of law. Probable cause "…is the mere probability of criminal activity, based on the totality of the circumstances…" *Hahn v. County of Otsego*, 820 F. Supp. 54, 55 (N.D.N.Y. 1993).

Probable cause has been established on this record and is a completed defense.

## II.   CITY DEFENDANTS HAD PROBABLE CAUSE TO CHARGE PLAINTIFF WITH DRUG POSSESSION.

City Defendants only arrested Plaintiff for prostitution. Once he was brought into County Booking, a Monroe County Sherriff's Deputy informed members of the Rochester Police Department that he had found cocaine on the Plaintiff's person during an x-ray scan and strip search of Plaintiff. When RPD Officers were informed of this fact, and were shown the narcotics that allegedly fell from Nowlin's clothing according to the County Deputy, additional charges were appropriately added. Plaintiff was not only already justifiably placed under arrest when the narcotics charges were added, but under these circumstances, City Defendants were justified in believing that Plaintiff had been in possession of those narcotics while at County Booking.

Accordingly, for reasons articulated above, City Defendants have established probable cause, which is a complete to this action.

# I. THE DEFENDANTS/OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY.

"[A] defendant is entitled to qualified immunity under the objectively reasonable standard if "officers of reasonable competence could disagree" on the legality of the defendant's actions. *Williams v. Ont. County Sheriff's Dep't*, 662 F. Supp. 2d. 321, 332 (W.D.N.Y, 2009) citing *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995). "Because qualified immunity is an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The availability of the defense depends on whether a reasonable officer could have believed his action to be lawful, in light of clearly established law and the information he possessed." *Weyant v. Okst*, 101 F.3d 845, 858 (2d Cir.1996). Even if the plaintiff's rights were clearly established at the time of the alleged violation, an Officer may nonetheless enjoy qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those rights. *Robison v. Via*, 821 F.2d 921 (2d Cir.1987). "Ordinarily, determining whether official conduct was objectively reasonable requires examination of the information possessed by the officials at that time (without consideration of subjective intent)." *Connecticut ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 106 (2d Cir. 2003). "In an unlawful arrest action, an officer is . . . subject to suit only if his 'judgment was so flawed that no reasonable officer would have made a similar choice.'" *Provost*, 262 F.3d at 160 quoting *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995). "A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does." *Pierson v. Ray*, 386 U.S. 547, 555 (1967).

City Defendants enjoy qualified immunity because at the time of the challenged action, it was objectively reasonable for them to believe their behavior did not violate the plaintiff's clearly established rights. Law enforcement is permitted to conduct anti-prostitution operations and had good faith reason to believe that Plaintiff, who voluntarily pulled his car over in a known prostitution district to engage women posing as prostitutes, was in fact guilty of solicitation. **"Even if the force is objectively unreasonable, an officer may still be eligible for qualified immunity if it was objectively reasonable for the officer to believe that [his] actions did not**

**violate clearly established law."** Emphasis added. *Salim v. Proulx*, 93 F.3d 86, 89 (2d. Cir. 1996). On this record, it is impossible for a reasonable jury to find that City Defendants' actions were objectively unreasonable, using an ordinary patrol officer in similar circumstances standard.

Accordingly, all named Defendants are immune for liability.

## II.     <u>PLAINTIFF HAS FAILED TO ESTABLISH MUNICIPAL LIABILITY.</u>

It is well settled that a municipality will not be held liable for injuries inflicted solely by its employees and agents. *Monell v. Department of Soc. Services of the City of New York*, 436 U.S. 658, 694 (1978). A municipality is liable under 42 U.S.C.S. § 1983 only if its official policy or custom results in a deprivation of a federal right. *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094 at 20. Plaintiffs have attempted to support a spurious Monell claim by collecting unsubstantiated civilian complaint records of both named and unnamed police officers to establish unlawful practices and/or deliberate indifference by the Rochester Police Department. However, evidence in the form of a disjointed collection of unsubstantiated complaints is insufficient to prove deliberate indifference by a municipality, and does not support a failure to train cause of action. *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094, *Law v. Cullen*, 613 F. Supp. 259, 262-63 (S.D.N.Y. 1985). "Unsubstantiated CCRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police." *Law* at 262-263. Moreover, unlike in the present case, conduct should be sufficiently "brutal or egregious" as to suggest deliberate indifference by a municipality. *Digennaro v. Town of Gates Police Dep't*, 2013 U.S. Dist LEXIS 85571 at 51 (W.D.N.Y, 2013).

Plaintiff has neither demonstrate evidence of any unlawful policy, procedure, practice that resulted in his arrest, nor has he shown deliberate indifference by the City of Rochester. Accordingly, plaintiff has failed to show any evidence of either a constitutionally violative policy or deliberate indifference to known risks posed by the Defendants.

# CONCLUSION

**WHEREFORE**, it is respectfully requested that Plaintiff's motion for summary judgment be denied, and Defendants' motion for summary judgment be granted, together with such other and further relief as the Court deems just and proper, including awarding to the City Defendant the costs and disbursements of this proceeding.

DATED: May 9, 2016

**BRIAN F. CURRAN**
**CORPORATION COUNSEL**

s/Spencer L. Ash

_____

Spencer L. Ash, Esq., of counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, NY   14614
Telephone:  (585) 428-6699

Bryan E. Dolin, Esq.
Brown and Kelly,LLP
Attorneys for Plaintiff
800 Main Place Tower
350 Main Street
Buffalo, NY 14202

Mallorie C. Rulison
Monroe County Law Department
39 W. Main Street, Room 307
Rochester, NY 14614